EASTERN DIS.
August, 1832.

GORDON *vs.* JOHNSTON.

GORDON
*vs.*
JOHNSTON.

APPEAL FROM THE COURT OF THE THIRD DISTRICT THE JUDGE OF THE
SECOND PRESIDING.

Property acquired legally out of the state, whether it be absolute or qualified, is entitled to protection in this.

The facts are stated in the opinion of the court delivered by MARTIN, J.

The plaintiff states that in a suit by him instituted in a court of competent jurisdiction in the state of Mississippi, against one Deals, a slave of the latter was attached by the sheriff and delivered to him, the plaintiff, on his executing a forthcoming bond, and brought into this state, where the defendant had it seized by virtue of an execution issued on a judgement he had obtained in one of the courts of the state against the said Deals; whereupon, the present plaintiff prayed for and obtained an injunction to prevent the sale of the slave under the execution; and he prayed damages against the defendant.

The defendant prayed for a dissolution of the injunction as having improperly issued, the petition presenting no proper ground for one; and he prayed that as he had a judicial mortgage on the slave, in consequence of the registry of his judgement against the owner, it might be directed to be sold.

The plaintiff had judgement, and the defendant appealed.

Property acquired legally out of the state, whether it be absolute or qualified, is entitled to protection in this.

It is clear the plaintiff, as bailee of the sheriff in the state of Mississippi, acquired a qualified property in the thing bailed. This property the courts of this state must respect. Had the slave been sold in the other state, our courts would have respected the absolute property of the vendee. Property acquired legally abroad, whether it be absolute or qualified, is entitled to protection in this.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the District Court be affirmed, with costs.