## HAGAN vs. DEUELL AND VAUGHAN.

Replevin does not lie for property in the custody of the law, (*Goodrich vs. Fritz*, 4 *Ark.*, 525; *Spring vs. Bourland*, 6 *Eng.*, 658;) nor can cross-replevin be maintained, (*Gould's Dig.*, ch. 145, sec. 2;) but where property has been re-plevied and delivered to the plaintiff, a stranger may well issue his writ of re-plevin for the same property without waiting for the determination of the first suit, to which he is not a party.

The remedy provided by the statute (*Gould's Dig.*, ch. 145, sec. 17 *etc.*) for trial of the right of property when it is claimed by any person other than the defendant in replevin, is not exclusive of any other remedies the party may have.

A motion to quash a writ of replevin, and particularly before the return day, on the ground that the property was *in custodia legis*, is not the proper practice. Such defence should be by plea in abatement, or in bar.

*Appeal from Pulaski Circuit Court.*

Hon. LIBERTY BARTLETT, Circuit Judge.

YONLEY, FARRELLY & KNIGHT, for appellant.

The action of replevin lies in favor of any one having the right of possession; but there shall be no cross replevin, nor for property in the possession of an officer by virtue of any legal authority.

In this case there was no cross-replevin, the plaintiff being a stranger to the other suit. See opinion of PIATT J. in *Clark vs. Skinner*, 20 *John.* 466, *and cases cited.*

If the appellees had a meritorious case their proper proceeding, before the return of the writ, was by petition for supersedeas: or a trial of the right of property before the sheriff, as provided for by statute. ( *Gould's Dig. p.* 905.) A motion to quash is proper only where the writ is before the court and for defect apparent on its face, or other alleged irregularity.

When it is said that replevin will not lie for goods taken in execution, the rule is to be taken to be limited to cases in which

the writ of replevin is sued out by the defendant in the execution. 3 *Kent's Com.* 605; 20 *John.* 466 : *Ilsley vs. Stubbs,* 5 *Mass.* 280.

FARR & VAUGHAN, for appellees.

The main and, as we conceive, the only material points for the court to consider, are 1st, whether cross-replevin, or replevin for property in the possession of an officer by virtue of legal authority, can be maintained. If not, then 2d, whether this action constituted cross-replevin, or was for property in the possession of the law.

- The first question is settled by our statute, (*Gould's Dig.* ch. 145, *Sec.* 2,) which is but a reiteration of the common law principle, as settled definitely in *Goodrich vs. Fritz,* 4 *Ark.,* 525, *and Spring vs. Bourland,* 6 *Eng.,* 658—see also *Ilsley vs. Stubbs,* 5 *Mass.,* 280, that property in the custody of the law cannot be maintained—the remedy being by trespass or trover.

If cross-replevin means a counter replevin by defendant against the plaintiff, the statute is broad enough to have precluded the appellant from instituting his suit—the words are : " no cross-replevin, or replevin for property in the possession of an officer by virtue of any legal authority shall be brought;" and the court in *Spring vs. Bourland, supra,* says it is " broad enough to prohibit all persons whomsoever from bringing the action." The first suit was still pending; and the property was held by the appellees subject to the decision of the court, and their possession was the possession of the law until the determination of that suit: and replevin cannot be maintained for property *in custodia legis* in any case, whether the plaintiff in replevin be the defendant in the execution or not. *Carroll vs. Hursey,* 9 *Iredell,* 89 ; *Goodrich vs. Fritz, sup.*; *Spring vs. Bourland. sup.*; *Saffell vs. Wash,* 4 *B. Mon.,* 92.

As the law prohibits a writ of replevin in a case like this, the writ was null and void, and a motion to quash could be made at any time. *Shaw vs. Levy,* 17 *Pa. Rep.,* 103 ; *State Bank vs. Noland,* 13 *Ark.,* 299 ; *Morgan vs. Avery,* 7 *Barb.,* 659.

Mr. Justice COMPTON, delivered the opinion of the court.

The facts necessary to an understanding of the questions that arise in this case, may be briefly stated as follows :

Hagan, the appellant, filed in the Pulaski circuit court, in term time, his declaration in *replevin* against the appellees, Deuell & Vaughan, and a writ, returnable to the next term of the court, was issued thereon and placed in the hands of the sheriff, who, in obedience to the writ, replevied the property mentioned in the declaration and delivered it to Hagan.   Subsequently, at the same term of the court, and before the writ had been returned, Deuell & Vaughan moved the court to quash the writ and cause to be returned to them the property which had been replevied. · The ground of the motion was, that on the day previous to the issuance of the writ, Deuell & Vaughan had replevied the same property from one David C. Wilson, and had given the bond required in such cases; and that, therefore, the property was in the custody of the law.   The court below sustained the motion to quash, and awarded a return of the property, with judgment for damages and costs.

That replevin does not lie for property in the custody of the law, has been declared by this court in *Goodrich vs. Fritz*, 4 *Ark.*, 525, and in *Spring vs. Bourland*, 6 *Eng.*, 658.   Nor can cross-replevin be maintained, because that is expressly forbidden by the statute. · *Gould's Dig., chap.* 145, *sec.* 2.)   In the case before us there was no cross-replevin, for the reason that the plaintiff in this action was a stranger to that brought by Deuell & Vaughan against Wilson.   It is contended, however, that although the property had been delivered by the sheriff to Deuell & Vaughan before it was seized under the writ in the second action, it was, nevertheless, in the custody of the law, the former action being then still pending : and *Goodrich vs. Fritz, and Spring vs. Bourland, supra,* are cited and relied on as authorities in point.   In both of those cases, the property was in the possession and custody of a constable who had seized it under an execution; and upon that state of facts, the court decided that the action could not be

maintained. But in the case we are now considering, the precise question is, was the property in the custody of the law? We think it was not. The reason why property *in custodia legis* cannot be replevied is, that to permit it to be done, would be to interfere with the possession before the office of the law had been performed, as to the process under which it was taken. Here, the officer had parted with the possession. When he delivered the property to Deuell & Vaughan, the process was fully executed, his whole duty was performed, and the legal custody necessarily ceased. The fact that Deuell & Vaughan entered into the usual bond in such cases, cannot affect the question. In the event they should not recover against Wilson, the bond requires them to return the property; and if they fail to do so, subjects them to its penalty—this is a matter personal to them, and in no wise concerns the execution of the process under which the property was seized.

True, if Hagan should recover, Deuell & Vaughan could not make restitution to Wilson, should he recover; but this can avail them nothing, because if they recover against Wilson the objection fails; and if they should not, it is their fault to have sued Wilson without a cause of action.

*Powell, et al vs. Bradlee & Co.,* 9 *Gill & Johnson,* 220, decided by the court of appeals of Maryland, is a case bearing directly on the question. There the property had been replevied, and while in the possession of the officer was taken under a subsequent writ of replevin, at the suit of a third party against the plaintiffs in the first action. At the trial, there was evidence conducing to show that the plaintiffs in the first suit, had waived the delivery of the possession to them under their writ, and it was held that the court below did not err in refusing to instruct the jury that the plaintiff could not recover, if they found that such subsequent writ issued while the property was in the custody of the officer. The court said: "the principle is unquestionable, that property while in the cusody of the law cannot be replevied; and the reason is that the law will not be so inconsistent with itself, as to be auxiliary

or lend its aid to an act which would operate to defeat its own purposes. But the court were called upon to instruct the jury, that if they found that the writ of replevin, which issued in this case, was executed before the service of the first replevin upon the same property, and while it was in the custody of the sheriff, then the plaintiff was not entitled to recover. There being evidence in the cause to go to the jury, to prove a waiver on the part of the plaintiffs in the original replevin, of the delivery of possession to them, under their writ against the defendants in that action, the court would have erred in giving a positive instruction to the jury, in the manner required by the defendant's first prayer." Thus showing that when property is delivered by the officer to the plaintiff in replevin, it ceases to be in the custody of the law—indeed, this was conceded, *arguendo*, by the eminent counsel for the defendants in that case, who insisted that it was not competent for the plaintiffs to waive the possession, and that if it was, there was no evidence of such waiver.

In *Ilsley, et al. vs. Stubbs*, 5 *Mass.*, 279, to which we have been referred by the counsel for the appellees, it is nowhere intimated in the opinion of the court, that the property was *in custodia legis*. On the contrary, the inference, we think, is plain that it was not so considered. In that case, the facts were the same as in this, and the question arose upon the sufficiency of the defendant's plea in abatement. The court, after remarking that the Massachussetts statute had authorized replevin against the officer, for chattels which he had attached, or seized in execution, provided the plaintiff in replevin was not the debtor, said : "As a general principle, the owner of a chattel may take it, by replevin, from any person whose possession is unlawful, unless it is in the custody of the law, or unless it has been taken by replevin from him by the party in possession. The plea in this case, does not allege any property in Stubbs; but it alleges that the goods were delivered to him by the officer, in obedience to a replevin sued by Stubbs, not against the plaintiffs, but against Lund. Stubbs' possession was, therefore, so far legal against Lund, that he could

not recover them back again by another replevin, but only on a *retorno habendo*, if he should prevail against Stubbs. But Stubbs cannot, by his own writ, acquire any right of possession against the plaintiffs, who were not parties to it. They could not plead to Stubbs' writ, nor could any *retorno habendo* be awarded them." After further discussion of the question, the learned judge adds: " The court cannot decide that the allegations of the plea are sufficient to abate the writ, without also deciding that the owner of chattels taken from him by a trespasser, finding them in the possession of a stranger, who had taken them by replevin from the trespasser, cannot maintain replevin against the stranger. But the law will not authorize such a decision: for no transaction between the stranger and the trespasser can bind the right of the owner."

Our statute, it is true, makes provision for trial of the right of property, before the sheriff and a judge, where any person, other than the defendant in replevin, claims property in the goods and chattels specified in the writ. ( *Gould's Dig.*, chap. 145, sec. 17 *et seq.*) But this remedy, unsatisfactory at best, is not exclusive: the party may resort to any other remedy to which, by law, he may be entitled.

In any view of the case, we think the court erred in quashing the appellant's writ; and it may be here remarked that a motion to quash was not the proper practice; especially so as the writ had not been returned. The defendants in the action should have interposed their defence by plea in abatement, or in bar. The plaintiff could then have come prepared to meet the defendants on the issue, as to the custody of the property. Such has been the practice in all the cases that have come under our observation, except where otherwise directed by special statutory provisions. *Goodrich vs. Fritz*, 4 *Ark.*, 525 ; *Spring vs. Bourland*, 6 *Eng.*, 658 : *Powell, et al. vs. Bradlee & Co.*, 9 *Gill & Johnson*, 220; *Ilsley, et al. vs. Stubbs*, 5 *Mass.*, 279 , *Shaw, et al. vs. Levy*, 17 *Serg. & Rawle*, 103.

For the error above indicated, the judgment of the court below must be reversed, and the cause remanded for further proceedings