RUFUS P. WHITE *vs.* ELVIRA J. DOLLIVER.

One whose property has been replevied by a writ against his agent or his bailee, can retake it by replevin from the plaintiff in the first action, even during the pendency of that action.

REPLEVIN. The case having been referred by a rule of the Superior Court, the referee found and reported that the plaintiff was the assignee of a mortgage of the replevied property, made by one Ashworth to one Ela, and assigned by Ela to the plaintiff; that notice of the foreclosure of the mortgage for breach of the condition was duly recorded January 19, 1869; that one Horace

B. King, being in possession of the property replevied in this action, " in the character of agent or bailee of the plaintiff, and under the right of the plaintiff as assignee of the mortgage, and in no other character and under no other right," the defendant, by a writ of replevin made February 26, 1870, and served the same day, replevied the same from him ; that the plaintiff then, by the writ in this action, made March 9, 1870, and served the same day, replevied the property from the defendant ; that the replevin bond was executed for the plaintiff by King, as his attorney ; and that King was also surety in the bond. These facts having appeared in evidence on the part of the plaintiff, the referee found that the defendant was entitled to judgment for the sum of $595 as damages, (being six per cent. on the appraised value of the replevied property from the time of the service of the writ to the date of the award,) and for a return of the replevied property, together with the costs of court, and the costs of the reference ; and the questions of law arising upon the facts were, by the consent of the parties, submitted for the opinion of the court. In the Superior Court the award was accepted and judgment given thereon, and the plaintiff appealed.

*T. Willey & D. Saunders*, for the plaintiff.

*S. B. Ives, Jr.*, for the defendant.

DEVENS, J. , The inquiry is here presented whether, if goods are replevied from the custody of an agent or bailee of the party claiming to be the real owner thereof, such party, not being named in the original suit, may maintain replevin against the plaintiff in such suit, before it is terminated, for the same goods.

If the defendant in the suit which was brought by Dolliver were a stranger to the present plaintiff, it is settled that this suit might be brought. In *Ilsley* v. *Stubbe*, 5 Mass. 280, 284, it was held to be no sufficient plea to a writ of replevin, that the chattels replevied had been before delivered to the defendant upon his writ of replevin against a third person, and Parsons, C. J., observed that, " as a general principle, the owner of a chattel may take it by replevin from any person whose possession is unlawful, unless it is in the custody of the law, or unless it has been taken by replevin from him by the party in possession." To the same

effect are *Bell* v. *Bartlett*, 7 N. H. 178, 190 ; and *Sanborn* v. *Leavitt*, 43 N. H. 473.

Our attention has been called by the defendant to certain expressions in decisions in this Commonwealth, which, taken apart from the facts in connection with which they were uttered, would seem to countenance the idea that if a party were once put in possession of goods by virtue of a writ of replevin, he could not be disturbed in that possession until the determination of the suit in which such writ had issued. In *Gordon* v. *Jenney*, 16 Mass. 465, 469, Parker, C. J., says of the plaintiff in a replevin suit, that he is eventually answerable for the value only of the goods replevied. " He may sell them if the price suits him ; or he may keep them, to return in specie. They are delivered to him upon the writ, on his assertion that they are his property ; and he has it in his power to deal with them as such." But the case before the court, as is observed by Mr. Justice Dewey in *Lockwood* v. *Perry*, 9 Met. 440, was one where it was settled that the plaintiff in replevin was the real owner of the property replevied, and it was in reference to his right that this language was used. The doctrine that, by reason of the mere fact that a plaintiff had acquired possession through the instrumentality of a writ of replevin, his vendee could acquire thereby an indefeasible title against anybody, was not one intended to be sanctioned.

In *Lockwood* v. *Perry*, *ubi supra*, Mr. Justice Dewey uses an expression much relied on by the defendant in this action, when, in delivering the judgment of the court, he says : " It is doubtless true that the plaintiff in replevin has, by virtue of his writ, acquired the right of possession pending the action of replevin, and that the real owner cannot lawfully disturb that right during the pendency of the action, nor institute an action against a third person who may become possessed of the goods. And this is precisely the extent of the right exercised by force of a writ of replevin." Taken as an abstract proposition, this would, we think, be an incorrect statement of the law ; but the case in which Mr Justice Dewey was delivering judgment was one in which the facts were substantially as follows : The plaintiff in replevin,

Lockwood, was admitted to have been the owner of two colts. A previous writ of replevin had been brought against him by one Barnes, who had thus got possession of the colts and sold them to Perry. Barnes's suit had been abated by his death, no judgment having been rendered in it, and Lockwood then brought replevin against Perry, who endeavored to defend himself upon the ground that the sale of Barnes under a possession thus obtained would convey a title as against the real owner. This claim Mr. Justice Dewey was discussing, and in speaking of a plaintiff admitted to be the real owner of the property, who had himself been a party defendant to the original action, made the remark that the plaintiff in the original replevin obtained by his writ a right of possession as against the real owner which would prevent that owner, during the pendency of that action, from interfering with the right thus obtained. He should not be understood as saying that a plaintiff in replevin, by suing and getting possession of goods from a third person or a mere trespasser, the real owner not being made a party to the suit, could thus prevent the real owner from asserting title to his own property until a controversy between strangers or trespassers was settled, or that the operation of a writ of replevin was to give to the plaintiff therein a right of possession as against all the world while the action was pending.

The difficulty presented by the present case arises from the fact that it differs from *Ilsley* v. *Stubbs* in this : The present case finds that the goods, when originally replevied from King at the suit of Dolliver, were not in the possession of any stranger to or trespasser upon the present plaintiff, but in that of his " agent or bailee." It is therefore contended by the defendant that the plaintiff cannot bring this action, because, King being the agent of the plaintiff, his possession was the possession of the plaintiff ; that King can only defend that suit in the right and under the title of the plaintiff, and that the bond will enure to the benefit of the plaintiff if he has the better title; and the property, if returned, must be returned to him or his agent. This argument is not satisfactory. Many of the reasons, which lead to the conclusion that a party, whose goods have been taken by

replevin from the custody of a stranger or trespasser, may him-self maintain replevin against the original plaintiff, continue to operate, even if the custody from which they are taken is that of an agent or bailee. One honestly claiming ownership of prop-erty is entitled to maintain his right by an action in which he is himself a party, which he may control in the way which seems to him best calculated to bring before the court the merits of the title he claims. In such suit he is entitled to be heard, to exam-ine and cross-examine witnesses, to file exceptions, or to appeal, where such modes of defence are suitable. He is not obliged to leave the defence of his property to his bailee, nor, on the other hand, is the bailee necessarily bound to adopt such a line of de-fence as would be taken by the real owner. The interest of the bailee may be very trifling, — a lien of little importance, a right to enjoy for a very brief period, — or he may negligently or ca-priciously decline to make the defence which the bailor desires. If he does so, or if he refuses to intrust the defence to the real owner, there is no mode at law by which such owner, at his own request, may be made a party, or the plaintiff in the original suit compelled to join him as a defendant. Any one who desires to conclude his rights should make him defendant, and if he is not so joined, he must be allowed to assert them against one seek-ing to obtain possession of his property. Even if the only de-fence that King has to the original suit is under the title of the plaintiff, that does not compel or entitle the plaintiff to come in and assert it there ; he may leave that controversy to the parties to it.

The bond which has been given to King, even if we were to hold that it could be made to enure to the benefit of this plaintiff, and could be sued by him, is not one under which he has had or could have had his full rights. The party sued has the right to be heard as to the amount of the bond. Gen. Sts. c. 143, §§ 4–12. It is not an answer to say that the plaintiff has had that right, be-cause the property was replevied from his bailee. Many persons are entirely suitable to be bailees, whom no owner would intrust with estimating the value of or defending the title to his prop-erty. Again, this bond provides only for a return of the property

to the bailee ; but if the bailee's rights in it are determined before the close of the proceedings, he is not entitled to such return, and there is no provision in the bond for any delivery of the property in such case to the actual owner.  If the title of the plaintiff is not to be concluded by a judgment against his bailee, it is certainly more for the interest of all that he should be allowed to assert them by his own action while the suit against the bailee is pending.

The views of Parsons, C. J., as given in *Portland Bank* v. *Stubbs*, 6 Mass. 422, seem to be in conflict with those we have expressed.  The owner of goods which had been carried from Boston to Portland replevied the goods from the master of the ship, who claimed to be entitled to retain them by virtue of a lien for unpaid freight earned by the ship ; and the owner of the ship brought replevin against the owner of the goods thus replevied, claiming the same lien ; and it was there said, that, even if freight was due, the whole cause might have been determined in the first suit, and that if these facts had been pleaded in abatement, the writ must have abated.  And the chief justice adds : " The action was improperly commenced ; for if the master had a right to retain in the action, he might have judgment for a return, and the plaintiff in this action might have judgment to keep the goods irrepleviable, which would be unreasonable when both causes must be determined on the same facts and principles, and by privies against the same adversary."

It is to be observed that this point was not necessary to the decision of the case, nor was it argued.  The argument of the counsel related only to the question whether any freight was due ; and the court, before making these remarks, had decided that no freight was due, and that therefore neither master nor shipowner had any right to retain the goods as against the owner of them. The remarks have the weight of *dicta* only.  Certainly, if the shipowner had the superior right, the difficulty anticipated could not have arisen, as, such superior right being asserted, the master would not be entitled to a return of the goods, even if he successfully defended the suit against him under it.  The relation of shipowner and shipmaster is, however, peculiar, and the same

principles do not always govern it as those which apply to bailor and bailee. A bill of lading of goods is a contract which in terms is the act of the master who has possession of the ship and the conduct of the voyage ; and as between the master and the owners of a freighting vessel, the master is entitled in the first instance to collect and receive the freight due according to the bills of lading, and may recover it even against a shipper who has, against his consent, paid it to the owner *;* because, by the maritime law and the custom of merchants, he has a lien on such freight for the payment of seamen's wages and other disbursements, and such lien on mere debts or choses in action can only be preserved by giving the master the power in the first instance to collect them, he being accountable over to the owners as those entitled to the profits. *Blanchard* v. *Page,* 8 Gray, 281. *Lewis* v. *Hancock,* 11 Mass. 72.

Unless the judgment against the agent or bailee who happens to be in possession of property will settle conclusively the title of the principal, there is no reason why such principal may not maintain this action. But it has been decided, which certainly is a much stronger case, that even a judgment against the principal will not necessarily settle the title of his bailee, such bailee not having been a party to the action. In *Globe Works* v. *Wright,* 106 Mass. 207, one Tetlow was the owner of certain engines, which he mortgaged to Souther and placed in the Globe Works, a corporation of which Souther was president, which corporation orally agreed to finish them. Wright then took them on a writ of replevin against Tetlow and Souther. And finally, the Globe Works, contending that they had done some work upon the engines under the agreement with Tetlow, for which they had a lien, replevied them from Wright; and it was held that the judgment in the action of replevin against Tetlow and Souther was not competent evidence of the title of Wright as against the Globe Works, unless some person had appeared therein in their behalf.

A judgment against the agent or bailee King, in the action against him, could not settle the rights of the principal or bailor to the property, he not having been made a party, **and not**

having seen fit to intervene and appear therein. This being the case, he may maintain this action of replevin. Nor need he wait until the first suit is determined. While the property was in the hands of the sheriff, and he was actually engaged in transferring it to the possession of the defendant, it was *in custodiâ legis*, and the officer could not have been disturbed while making the transfer. *Hallett* v. *Byrt*, Carth. 380. *Sanborn* v. *Leavitt*, 43 N. H. 473. *Willard* v. *Kimball*, 10 Allen, 211, and authorities cited. But that transfer having been completed, it was in the custody of the defendant in this action, under the claim of title made by him in the original action, against which claim the plaintiff was entitled to assert his own by this process.

*Award set aside.*