| 9 | 373 |
| 12 | 426 |
| 16 | 182 |
| 16 | 429 |

## SYLVANUS BUCKLEY, Appellant, *v.* ARMINA BUCK-LEY, Administratrix of the Estate of Henry A. Buckley, Deceased, Respondent.

Replevin of Goods in Hands of Plaintiff in Other Replevin. Where personal property in the hands of the plaintiff in a suit of claim and delivery is claimed by a third person, the latter is not obliged to intervene in the pending action but may institute an original action of claim and delivery.

When Replevin Lies. As a general principle the owner of a chattel may take it by replevin from any person whose possession is unlawful, unless it is in the custody of the law or unless it has been taken by replevin from him by the party in possession.

Contract Void Under Statute of Frauds. Where the condition precedent of a contract is the delivery and reception of chattels to be kept for two years, and there is no written agreement, the contract is void under the statute of frauds.

Description of Property in Replevin. In replevin the description of the property must be so clear that an officer can identify it.

Charging a Fact, Error—Extent of Recovery in Replevin. Where in a replevin case for a band of sheep, the description of which was vague though some were described and all stated to be of the value of three dollars per head, the court charged that there was nothing in the description to distinguish one sheep or class of sheep from another and that plaintiff must recover all or none : *Held,* erroneous both as involving a question of fact and as not clearly stating the law.

Appeal from the District Court of the Second Judicial District, Washoe County.

This was an action to recover twenty-three hundred and seventy head of sheep, of the value of seventy-one hundred and ten dollars, at the rate of three dollars per head. The complaint set forth that these sheep had been in the possession of Henry A. Buckley, deceased, and by him delivered to George Montgomery and William H. Short of Washoe Valley; and that they were afterwards, in October, 1873, taken by process of law from said Montgomery and Short by defendant as the administratrix of said H. A. Buckley, deceased. Plaintiff claimed to be the owner of them, and upon filing an affidavit and undertaking in the usual form on claim and delivery of property, acquired possession of them from defendant.

The defendant, in her answer, set up as a defense that she as such administratrix had commenced a suit in the same court against Montgomery and Short for the recovery of the same sheep; that such suit was still pending; that under an affidavit and undertaking upon claim and delivery of personal property she had acquired the possession thereof from Montgomery and Short, and that she held them subject to the orders of the court in said action, and to return them to Montgomery and Short if a return should be adjudged. To this plea the plaintiff put in a demurrer, which was overruled. The case then came up for trial before a jury, and the court held as it had held upon overruling the demurrer, that the defense was good, and, upon the verdict finding the value of the sheep, rendered judgment for the defendant for the return thereof with their increase and interest on their value from the time of taking, or for their value in case a return could not be had and for costs. The evidence, upon the trial, showed that the plaintiff was the father of H. A. Buckley, deceased, the defendant's intestate. There was also evidence showing or tending to show that in 1869 a verbal contract was made between the plaintiff and his son, who

Buckley *v.* Buckley.

were both at that time living in Merced County, California, by which the son received from the father thirteen hundred breeding ewes on shares, to be kept two years, the wool to be divided at shearing time and the lambs in the fall of each year; that at the end of the two years the original band was to be returned, and that in 1871, the son, having up to that only partially fulfilled the conditions of the contract, moved the sheep into Washoe County in this State. To this evidence of a contract defendant objected and moved to strike it out on the ground that the contract testified to was not to be performed within one year from the making of it, and was therefore void. The court sustained the objection, but allowed the evidence to stand for the sole purpose, as stated to the jury, of explaining the manner in which the deceased came into the possession of them.

In charging the jury, the court, among other things, said: "There is nothing in the description by which one animal of the flock or any one class of animals comprising in part the flock can be distinguished from other or others. The recovery, if any, under the pleadings must be for the flock described as an entirety, or else no recovery can be allowed at all to the plaintiff either upon the pleadings or any testimony introduced upon the trial; that is, the recovery must be for the entire flock and not for any mere part of the same. When personal property, sought to be recovered in an action in the nature of replevin consists of an assigned number of individual parts in the aggregate merely, without any description of the individual parts of the aggregate, the recovery must be for the aggregate as alleged, or there can be no recovery at all."

The judgment having been, as before stated, in favor of defendant, plaintiff moved for a new trial, which was refused; and he then appealed from the judgment and order.

*Webster & Knox*, for Appellant.

I.   The affirmative matter set up in the answer of defend-
ant, and proof of which was allowed upon the trial, consti-
tutes no defense to this action.   Montgomery and Short, the
persons alleged to be defendants in an action brought against
them by the defendant in this action for the recovery of the
property in controversy, are strangers to plaintiff; and an
action against them by defendant, though for the same prop-
erty, cannot affect the rights of plaintiff.   As to him, those
proceedings are *res inter alios*, and cannot affect his rights or
his remedies.

II.   The rule that property in custody of the law cannot
be taken in replevin refers to cases where the defendant in
execution brought replevin against the officer.   It does not
apply to the case of a stranger to the execution.   15 Johns.
401; *Clark* v. *Skinner*, 20 Johns. 470; *Thompson* v. *Button*,
14 Johns. 84; *Portland Bank* v. *Stubbs*, 6 Mass. 427; *Baker* v.
*Fales*, 16 Mass. 146; *Stone* v. *Wilson*, Wright, 157; *Illsley* v.
*Stubbs*, 5 Mass. 284.

III.   In the case at bar the property was not taken from
the possession of the sheriff, but from that of the plaintiff in
the action against Montgomery and Short, and it was not in
the custody of the law.   The remedy by intervention was
not the proper one on the part of plaintiff.   He had no in-
terest in the result of the action against Montgomery and
Short.   But that remedy at any rate, instead of being exclu-
sive of any other, is optional with the party whose interests
are involved.

IV.   The court, in its charge, assumed to decide questions
of fact which are exclusively for the jury.   It erred also in
stating in effect that plaintiff must recover the whole number
of sheep sued for or none.

*Haydon & Cain* and *Wm. Boardman,* for Respondent.

I. The defendant under an affidavit and undertaking for
the claim and delivery of personal property acquired the pos-
session of the sheep from Montgomery and Short, and now
holds them subject to the orders and judgment of the court
in said cause, and to return the same to Montgomery and
Short if a return should be adjudged by the court.   Plain-
tiff claims that he can take them from her possession, and relies
upon *Illsley* v. *Stubbs,* 5 Mass. 280, decided in 1809.   We sub-
mit, on the contrary, the elaborate argument of counsel and
decision of the supreme court of California upon the same
proposition here involved, and upon a statute almost exactly
like ours in the case of *Hunt* v. *Robinson,* 11 Cal. 262.   The
entire ground is there gone over, and references made to de-
cisions of other states in support of our position, that where
a bond for the return of property taken is given and the
property delivered to the claimant, it is still in the custody
of the law, as much so as if the sheriff still held possession
of it—the custodian alone being changed.   It is plain that if
the property so held should be adjudged liable to the
claims of a third person, a levy upon it at the suit of such
third person would occasion the forfeiture of the condition
of the bond given by the original.   Such a result would be
repugnant to equity.   The property was in fact, when
placed in the possession of the defendant upon her giving
the bond required by law, not withdrawn from the custody
of the law, but she instead of the sheriff was made its cus-
todian, and in her hands, as such custodian, it was as free
from the reach of other process as it could have been in the
hands of the sheriff.   *Revis* v. *Welbourne,* 6 Ala. 49; Prac-
tice Act, Secs. 102, 104;   *McRae* v. *McLean,* 3 Porter, 138;
*Evans* v. *Kurtz,* 7 Missouri, 411; *Acker* v. *White,* 25 Wendell,
611.

25

II.   A surety on a delivery bond may exonerate himself therefrom by delivering the property to the sheriff at any time before judgment is rendered against him on the bond; and having contracted and covenanted to return it, he cannot be deprived of this right by a stranger.   Drake on Attachment, Sec. 335; *Reager* v. *Kitchen,* 1, 2, 3 Martin, 588; *Hanford* v. *Perrier,* 6 B. Monroe, 595.

III.   The exclusion of evidence of the alleged contract was proper.   Such contract was parol and not to be completely performed within a year, not in fact till the expiration of two years from the time of making thereof; and for that reason it was within the statute of frauds and void. 3 Parsons on Con. 36 and note; *Lockwood* v. *Barnes,* 3 Hill, 128.

IV.   The agreement alleged by plaintiff constituted defendant's intestate a tenant in common with plaintiff on the increase of the sheep.   *Knox* v. *Marshall,* 19 Cal. 617; *Bernal* v. *Hovious,* 17 Cal. 541; *Putnam* v. *Wise,* 7 Hill, 234; 4 Wend. 525; 15 Barb. 333.   If tenants in common of a part of the sheep, no action of replevin or to obtain possession lay in favor of plaintiff.   Morris on Replevin, 113; Story on Part. Sec. 414; *Gilbert* v. *Dickson,* 7 Wend. 449; *Farr* v. *Smith,* 9 Wend. 338.

V.   There is no description in the complaint whereby the original band or any of it could be distinguished from the increase, nor from any others that were mingled with the original band.

VI.   If plaintiff had any right, intervention in the original suit was clearly his remedy.   His claim was a right to the property which was the subject of litigation, and he could have claimed damages for its detention as well against the plaintiff as the defendants in that suit.   His right to intervene was clear.   Practice Act, Secs. 598, 599, 600, 601, 602; *Horn* v. *Volcano Water Company,* 13 Cal. 70.

By the Court, WHITMAN, C. J.:

To the complaint in this action to recover a band of sheep, respondent pleaded in bar a certain suit pending between herself and Montgomery and Short for the recovery of the same property; and that she held the same by virtue of claim made as by statute provided. These facts being proved, the district court held the defense good; and that the property was virtually in the custody of the law, and that appellant should have intervened in the action so proven to exist. Admitting a right to intervene, still that is not exclusive; so the main question is, was the property in the custody of the law?

In a very well considered case, applicable to this, Parsons, C. J., clearly expresses the view herein adopted thus:  "It is true that anciently, replevin was generally sued out to replevy cattle taken by distress as a pledge; but in fact, replevin lies for him who has the general or special property in chattels, against him who has wrongfully taken them. But chattels in the custody of the law cannot at common law be replevied, as goods taken by distress upon a conviction before a justice, or goods taken in execution; and by parity of reason, goods attached by an original writ, as security for the judgment, cannot be replevied.   But if the goods are wrongfully taken by virtue of legal process, the remedy of the owner was by action of trespass or trover, against the officer.   For the common law would not grant process to take from an officer chattels which he had taken by legal process already issued.   But the common law has, in this respect, been altered by the statute of 1789, c. 26, sec. 4.   This statute authorizes the suing of a writ of replevin against the officer, for chattels which he has attached or seized in execution, provided the plaintiff in replevin be not the debtor.   This alteration of the common law has been productive of much practical inconvenience; but it must rest ·

with the wisdom of the legislature to decide whether the common law, in this respect, should or should not be restored. As a general principle, the owner of a chattel may take it by replevin from any person whose possession is unlawful, unless it is in the custody of the law, or unless it has been taken by replevin from him by the party in possession. The plea, in this case, does not allege any property in Stubbs; but it alleges that the goods were delivered to him by the officer, in obedience to a replevin sued by Stubbs, not against the plaintiffs but against Lund. Stubbs' possession was, therefore, so far legal against Lund, that he could not recover them back again by another replevin, but only on a *retorno habendo*, if he should prevail against Stubbs.

"But Stubbs cannot by his own writ acquire any right of possession against the plaintiffs, who were not parties to it. They could not plead to Stubbs' writ, nor could an *retorno habendo* be awarded them. If Stubbs should recover judgment against Lund, certainly that judgment could not bar the plaintiffs from suing a replevin against Stubbs; and it cannot be admitted that the mere producing of his writ can more effectually protect him against the plaintiff's suit, than a judgment in his favor could. But the defendant has urged in support of his plea, that if the plaintiffs should recover on this writ, he cannot make restitution to Lund, if this latter should recover. This is true; but this argument cannot avail Stubbs. If he should recover against Lund, the objection fails; and if he should not, it is his fault to have sued a replevin against Lund, without any legal cause of action. The court cannot decide that the allegations of the plea are sufficient to abate the writ, without also deciding that the owner of chattels taken from him by a trespasser, finding them in the possession of a stranger, who has taken them by replevin from the trespasser, cannot maintain replevin against the stranger. But the law will not authorize such a decision; for no transaction between

the stranger and the trespasser can bind the right of the owner." *Illsley et al.* v. *Stubbs,* 5 Mass. 280; *Hagan* v. *Deuell et al.,* 24 Ark. 26.

If this holding operate harshly against respondent, it is her own fault; but surely one having the right of possession to property, cannot be expected to stand by while strangers' wrangle over it, subject as it must be to all the contingencies of loss, which practically surround personal property in litigation. The case must go back for a new trial, and for that reason it is proper to note some other claims of error, the decision of which should affect the retrial. Proof of a contract between appellant and respondent's intestate was excluded, (except for a special purpose,) against the former's exception. The ruling was correct; the condition precedent of the contract was the delivery and reception of thirteen hundred sheep to be kept for two years; and there was no written agreement; so the contract was void under the statute. Comp. Laws, Sec. 289. But the ruling could not possibly have hurt appellant; as, the contract being held valid, he could not have recovered at most more than the original number delivered, in the form of the present action; while there being no contract, he would be entitled to the present possession of the whole or a major portion of the band described, provided always the jury believed his witnesses, to the exclusion of the testimony tending to prove a gift from him to respondent's intestate.

The court erred in charging the jury that appellant must recover all or none; because such instructions involved a question of fact, and did not clearly state the law. Of course, in a case like the present, a description must be so clear that an officer can find the property; and in one view this description is not so clear; as with the exception of the specification of forty head of bucks, it is general, of a band without giving brands, age, sex, or any other clew for the distinction of one sheep from the other. But there was evi-

dence tending to elucidate this general description; and then the complaint, by the statement that the value of the sheep was three dollars per head, put them all on the same plane; which assumption was recognized by the answer; so to neither party, according to the pleadings, and there is nothing in the evidence contradictory, could it make any difference whether one sheep or another was taken or kept. Undoubtedly, had appellant proved his right to one hundred sheep and waived a return, he could, as the pleadings and evidence stood, have recovered three hundred dollars. Why not then, there being no such waiver, the one hundred sheep; each of such sheep being the exact equivalent of every other in the band? To avoid any complication, however, appellant may desire to amend his description, in which case he should be allowed to do so. The case is eminently one for friendly settlement, rather than for hostile litigation; but that is beside this opinion. All this Court can do is to point out, as has been attempted, the legal road to the rights of the separate parties.

The judgment and order appealed from are reversed, and the cause remanded.