McKinney v. Purcell.

---

A. E. McKINNEY, *et al.*, v. E. J. PURCELL.

1. PROPERTY, *In Custodia Legis.* Where property is held by an individual under a bond given in judicial proceedings for the redelivery of the specific property, it is to be deemed *in custodia legis* the same as if it had continued in the possession of the officer.

2. GOODS, *In Custodia Legis; Attachment.* C., a merchant, sold and delivered a stock of goods to P. Thereafter A., a creditor of C., claiming that the sale was fraudulent, commenced an action against C., issued an order of attachment and levied upon the stock of goods. P. replevied from the sheriff, gave bond as required by law, and took possession of the stock. While this replevin action was pending, B., another creditor of C., commenced an action against C. and P. jointly, alleging that P., as a condition of the purchase from C., promised in writing to pay C.'s debt to B. He also issued an order of attachment and levied upon the same stock of goods as the property of P. P. thereafter moved to discharge the

property from this attachment, on the ground that the goods were *in custodia legis,* being held by virtue of said replevin bond. The district court sustained the motion, and discharged the goods. *Held,* No error.

3. ———— *No Waiver.* Pending this last attachment action, B., upon notice to P., obtained an order from the court for the sale of the property attached as perishable property, and the property was, in pursuance of this order, sold. P. made no appearance at the time of the order. *Held,* That thereby P. waived no right to object to the attachment.

### *Error from Sumner District Court.*

ACTION brought by *McKinney* and two others, partners, against *Purcell* and another. At the April Term, 1882, the district court sustained defendant's motion to discharge certain attached property, which ruling the plaintiffs bring here. The facts are stated in the opinion.

*Herrick, George & Graham,* for plaintiffs in error.

*J. Wade McDonald,* and *McDonald & Hutchin,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: The facts of this case are as follows: On the 20th of December, 1880, plaintiffs in error (who were plaintiffs below) filed in the district court of Sumner county, their petition against defendant in error and W. C. Campbell, setting forth in substance that defendant Campbell was indebted to plaintiffs for goods sold by them to him; that after said debt was contracted, Campbell sold his stock of goods to defendant Purcell, who as part payment for said goods agreed in writing to pay the debt of plaintiffs; and praying judgment against both defendants for the amount of the debt. An attachment was issued, and levied upon a stock of goods as the property of Purcell. On the 11th day of April, 1882, Purcell made a motion to discharge the attached property, on the ground that at the time of the levy of the attachment she was holding it under a replevin bond in an action pending in the same court, wherein she was plaintiff and one C. C. Shawver, special sheriff, was defendant. This

motion was sustained by the district court, and this ruling is the error complained of. On the hearing of the motion it appeared that prior to this action one John G. Woods commenced an action against Campbell and attached this property, and that defendant Purcell replevied the same from the officer holding it under the attachment, giving bond as required by law; that having obtained possession of the stock, the defendant Purcell proceeded to sell the goods at retail in the ordinary course of trade for about thirteen days, and was so selling them when they were seized by the sheriff under the process in this action. The principle upon which the district court discharged the property from the attachment is this: that where goods are replevied pending the action of replevin, they are deemed to be *in custodia legis*, and not subject to seizure on any other process. While by giving a replevin bond the plaintiff obtains possession of the goods, this does not change the fact that they are still the subject-matter of litigation, and by legal fiction still to be deemed in the possession of the law. If the replevin action be determined adversely to the plaintiff, he has the right to return the very goods replevied, and the defendant has the corresponding right to enforce such return. It is true the judgment in replevin actions ordinarily runs in the alternative to guard against an inability to make or compel a delivery of the property; but still the action of replevin is in its nature an action to determine and enforce the rightful possession of specific property, and while that action is pending the law should not permit the seizure under execution or attachment of that property in such a manner as to prevent the full enforcement of the judgment in the replevin action.

If, pending the replevin action, the property actually remains in the manual possession of the sheriff, it will not be doubted that such possession, being the possession of the court, is one which cannot be disturbed by any other officer holding attachment or execution. For convenience of the parties, and to save cost and expense, the statute has provided that upon the giving of a bond the plaintiff may, prior to the judgment,

obtain temporary possession of the property; but still it does not change the fact that the replevin action is simply one to determine who is entitled to the possession, or make the prop-. erty pending the action, any the less *in custodia legis*. Authorities on this proposition are ample: See among others the following: Wells on Replevin, §§ 470, 486; Drake on Attachments § 331; *Acker v. White*, 25 Wend. 614; *Selleck v. Phelps*, 11, Wis. 380; *Hogan v. Lucas*, 10 Pet. 400; *Rhiner v. Phelps*, 3 Gilm. 455; *Roberts v. Dunn*, 71 Ill. 46. In the case from 11 Wis., *supra*, the court in the following language gives very clearly some of the reasons for this ruling:

"Although a man may have purchased property under such circumstances as make the sale void as to the creditors of the vendor, that fact ought not to give the creditors any more than the right to take the property or its value once, and apply it in payment of the vendor's debts. That is all they could have done if the sale had not been made at all; that is all they could do if they should attach or levy upon it in the hands of the vendee, he not choosing to replevy it. The effect of the void sale is, that it leaves the property liable to be taken by creditors; but beyond this, the purchaser is not held responsible either by the policy of the law, or the requirements of justice. If then he chooses to assert the validity of the sale, and to test it legally, replevies the property, and obtains possession of it by giving such security as the law deems adequate, the security then stands in the place of the property, so far as the creditor who has seized it is concerned, and the person giving the security ought in justice to stand in the place of such creditor so far as the property is concerned; and this seems obvious from the great injustice of the contrary doctrine, for if this were not so, although the purchaser who had replevied had on losing his suit paid the full value of the property to one of the vendor's creditors, it would still be liable in his hands to be taken by another, and so be made to pay the vendor's debts indefinitely, if the purchaser should continue to replevy it."

Counsel seek to distinguish this case in this, that the order of attachment under which this property was taken does not run against the same party against whom the former order of attachment ran, and claim that by reason of this difference, the principles upon which the cases cited rest have

29—28 KAS.

not application here. Their reasoning does not satisfy us. On the contrary, we think those principles applicable and controlling. How can the plaintiff in that replevin action return the property if it has been seized and disposed of on another order of attachment? It will be borne in mind that both actions really seek to take the property for the payment of the debts of the same party. The original debtor in both cases was Campbell. In the first case, the property was seized upon the claim that the sale from Campbell to Purcell was fraudulent, and therefore void as to creditors. In the second action, the same property was seized upon the claim that the sale was valid, and that Purcell, having obtained possession of the property under such valid sale and upon a promise to pay the debts of Campbell, was now fraudulently seeking to repudiate such obligation. In other words, if both actions are maintainable, and both orders of attachment are to be upheld, the same property is to be twice seized in payment of debts contracted originally by the same party. This seems plainly against the reasoning so forcibly put by the supreme court of Wisconsin, *supra.* Here is but the one property, and no matter what may have been the fraudulent transactions of Campbell or Purcell, all that can justly be required is, that that property be appropriated once to the discharge of Campbell's indebtedness. Plaintiffs in this action cannot be heard to say that this is no longer Campbell's debt which they are seeking to enforce, for in this action they have made him a party defendant, and are seeking judgment against him on its account. The allegations in the attachment affidavit are generally of fraud against both defendants. The order of attachment runs against both, and only by the return of the officer does it appear that Purcell's property, and not Campbell's, is seized. There is no pretense that Campbell had ceased to be bound, or that this is an entirely independent debt, and not arising in any manner from Campbell's transactions or connection with the property. The law is satisfied when this property which Campbell owned is once appropriated in the payment of debts contracted by him, and

this notwithstanding other parties may have become also responsible for any of those debts. It is unnecessary to determine absolutely what would be the rule if plaintiffs were pursuing a claim against Purcell in no manner founded upon Campbell's connection with this property; and yet even then, if the replevin bond stands in lieu of the property it would be strange if the law should permit its seizure for debts of the plaintiff in the replevin action in such a manner as to prevent that plaintiff from complying with the subsequent judgment in that action. In the case of *Kayser v. Bauer*, 5 Kas. 210, this court, speaking of a replevin action, said:

"The title to the property during litigation remained the same as it was before, in every respect, except that Hollenbeck (who was the plaintiff in the replevin action) and those holding under him, obtained the right of possession, with such a special right of property that they could have maintained replevin for the property against anyone who should disturb their possession."

Again, in attachment actions the statute provides for two bonds — one a forthcoming bond, and another to discharge the attachment. (Civil Code, §§ 199, 213.) Now the forthcoming bond is in its nature very like the replevin bond. In each case it is a bond in lieu of the property. Drake in his work on Attachments calls this bond indiscriminately a delivery bond, forthcoming bond, and a replevy bond; and of it, in § 331, he thus speaks:

"It differs, too, from a bail bond, in that it does not discharge the lien of the attachment; since the very object of the bond is to insure the safe-keeping and faithful return of the property to the officer, if its return should be required. It follows therefore that after property is thus bonded, it cannot be seized under another attachment or under a junior execution, either against the attachment debtor or against a third person claiming it adversely to the debtor and the creditor; for to hold otherwise would put it in the power of a stranger to the attachment suit, by a levy and sale to cause a forfeiture of the condition of the bond."

See also the following cases: *Rives v. Wilborne*, 6 Ala. 848; *Kane v. Pilcher*, 7 B. Mon. 651; *Gordon v. Johnston*, 4

La. 304. The same doctrine is recognized by this court in the case of *Tyler v. Safford*, 24 Kas. 580. So that it would seem that it is generally true that where the property is held by a party, under a bond given in an action and conditioned for the redelivery of the specific property, it is to be considered *in custodia legis* the same as if the actual possession was with the officer. (*Turner v. Reese*, 22 Kas. 322.)

In what we have said in this opinion we have had no reference to those cases in which property taken in one replevin action is subsequently seized by process in a subsequent replevin action. There seems to be a distinction between such a case and the one at bar. See the following cases: *Bulkley v. Bulkley*, 9 Nev. 373; *Gross v. Bogard*, 18 Kas. 289.

One other point requires notice. Intermediate the levy of the order of the attachment and the motion to discharge the levy, plaintiffs applied for an order to sell the property as perishable property. Notice of this application was served upon the defendants, and they not appearing, the sale was ordered and made. Now plaintiffs contend that as the defendant Purcell could have sold at private sale, she could also assent to a sale, and by making no resistance to the application for sale, she has waived all right to object to this disposition of the property. We do not think this proposition is sound. The original seizure was wrong. Defendant did not assent to it. Her silence during the continuance of the attachment and her failure to object to any of the proceedings of the plaintiffs, give them no greater rights than they had in the first instance, and she waived none of her rights.

The judgment of the district court will be affirmed.

It is understood that the case immediately succeeding, No. 2615, involves the same questions, and the judgment in that case will therefore also be affirmed.

All the Justices concurring.