TIMOTHY KELLEHER *vs.* GEORGE T. CLARK.

Suffolk.   March 14. — April 6, 1883.   DEVENS & W. ALLEN, JJ., absent.

That the defendant in an action of replevin obtained possession of the goods in controversy by virtue of a writ of replevin against a third person, in whose possession they were, does not affect the plaintiff's right to maintain the action, without a demand, if he is the owner of the goods, and entitled to the immediate possession of them.

REPLEVIN of four cases of skins.   At the trial in the Superior Court, before *Knowlton*, J., without a jury, the following facts were proved:

On or about April 20, 1881, George T. Clark, the defendant in this action, was the plaintiff in a writ of replevin against one Holt for the goods in controversy.   The evidence tended to show that Clark had no lawful right to interfere with said goods in the possession of Holt, and that the plaintiff had a title whereby he could properly control them.   On that writ, the goods were duly replevied from Holt and delivered to Clark, and remained in the possession of Clark until taken from him on the plaintiff's writ.   No demand for said goods was made by the plaintiff before service of his writ.

On this evidence, the defendant contended that the taking by him was not unlawful, and that the plaintiff should have made a demand for the goods before service of his writ; and asked the judge to rule that the action could not be maintained, for want of such demand.   The judge refused so to rule, but ruled that no demand by the plaintiff was necessary; and found for the plaintiff.   The defendant alleged exceptions.

*G. H. Kingsbury*, for the defendant.

*N. B. Bryant*, for the plaintiff.

FIELD, J.   The fact that the defendant obtained possession of the goods by virtue of a writ of replevin against Holt, did not affect the right of the plaintiff to maintain an action of replevin against the defendant, without a demand, if the plaintiff was the owner of the goods, and entitled to the immediate possession of them.   *White* v. *Dolliver*, 113 Mass. 400.   *Bussing* v. *Rice*, 2 Cush. 48.   *Blanchard* v. *Child*, 7 Gray, 155.   It must be taken

that the justice before whom this action was tried found as a fact that the plaintiff was, at the time the action was brought, entitled to the immediate possession of the goods without any demand.                                    *Exceptions overruled.*