WILLIAM COEN, Respondent, v. GRANT S. WATKINS, Appellant.

Kansas City Court of Appeals, May 20, 1895.

1. **Replevin**: CUSTODIA LEGIS: DEFENSE: BOND. Defendant replevined a mule and had an interlocutory judgment by default. Some time thereafter plaintiff brought this action replevining the same mule. *Held*, that defendant's plea that he held the mule under the writ sued out by him in the action which was still pending was no defense, since his bond as plaintiff in the first action only required the return of the property or the payment of the assessed value, and was not like a forthcoming bond, and the property was not *in custodia legis*. *Bank v. Owen*, 79 Mo. 429, *distinguished*.

2. **Chattel Mortgage**: DESCRIPTION: INSTRUCTIONS. The evidence and instructions relating to the question of the identity of the mule, arising out of the descriptions in several mortgages, are considered and *held* sufficient to sustain the verdict.

*Appeal from the DeKalb Circuit Court.*—HON. W. S. HERNDON, Judge.

AFFIRMED.

*James M. Wilson* and *Grant S. Watkins* for appellants.

(1) The Coen mortgage, although recorded, constituted no notice to defendant, or to those under whom he claims. The property could not have been selected by a stranger from among Carmichael's stock from information contained in the mortgage, and defendant's instruction number 4 should have been given. 3 Am. and Eng. Encyclopedia of Law, 180; *Stonebraker et al. v. Ford*, 81 Mo. 532; *Hughes v. Menifee*, 29 Mo. App. 193; *Bank v. Metcalf*, 29 Mo. App. 384. (2) The property was in the custody of the law and was not subject to replevin pending the suit in the circuit court. Wells on Replevin [Ed. 1879], secs. 256, 257; Cobbey on Replevin, secs. 706, 707, 708; *Hagan v. Lucas*, 10 Peters, 400; *Hawkins v. Taylor*, 15 Mo. App. 238; *Bank v. Owen*, 79 Mo. 429; *Taylor v. Carryl*, 20 How. 594; *Buck v. Colbath*, 3 Wall. 341; *Freeman v. Howe*, 24 How. 450. (3) By the service of a writ of replevin the court from which the writ issues retains possession and control of the property replevined for all purposes of jurisdiction in the replevin suit, and no other court of concurrent jurisdiction, much less another court of inferior jurisdiction, can subsequently interfere with such possession. Cobbey on Replevin, sec. 709; *U. S. v. Dantzler*, 3 Woods, 719; *Society v. Hinman*, 13 Fed. Rep. 161.

*Casteel & Haynes* for respondent.

Replevin lies for property replevined at the suit of any person other than the defendant in the first suit.

*Keller v. Clark*, 135 Mass. 45; *Hagan v. Denell*, 24 Ark. 216; *Davis v. Gambert*, 57 Iowa, 239; *Frank v. Jenkins*, 22 Ohio St. 597. The rule is that where there is a registry law, a subsequent mortgagee acquires no right, as against his prior mortgagee, by first obtaining possession of the mortgaged property. Jones on Chattel Mortgages [2 Ed.], sec. 492, page 444, and cases there cited.

ELLISON, J.—This action is replevin of a mule wherein plaintiff recovered. It appears that the owner executed to plaintiff a chattel mortgage on the mule and that afterward he executed another chattel mortgage on the same mule, to secure a promissory note held by Goodwin & Jay, who transferred it to defendant. Defendant afterward replevied the mule in an action begun in the circuit court, the sheriff executing the writ by delivering the mule to him as commanded by the writ. The owner making default, an interlocutory judgment had been entered for this defendant (plaintiff in that case). A few days thereafter, the plaintiff in this case instituted the present action of replevin, before a justice of the peace, claiming the mule under his prior chattel mortgage. The mule was taken from this defendant and delivered over to plaintiff; he afterward obtaining judgment on appeal to the circuit court, as before stated.

The point is made by this defendant that, since he had possession of the mule under the writ of replevin sued out by him in the circuit court, which action was still pending, the present action could not be maintained; it being contended that the animal was *in custodia legis*.

Our opinion is that the action may be maintained. The property was not *in custodia legis*. It had been delivered to the defendant as plaintiff in that case, by

the sheriff. It is true that defendant, as plaintiff in that case, had executed a bond under section 7481, Revised Statutes, 1889. But this bond did not have the effect to place, or continue the property in the custody of the court, or its officers. The bond was executed to the defendant in that case, conditioned for the return of the property *to the defendant,* or the payment of its assessed value. It is not like a forthcoming bond, or other delivery bond, wherein the condition is that the property shall remain subject to the orders and disposition of the court; or shall be returned into the possession of the court or its officers.

It is not like where, under seizure by execution, a third party claims the property and obtains possession by giving a bond to try the title and for rendering the property in execution under the writ, if it should be determined that his claim was invalid. Such was the case of *Hagan v. Lucas,* 10 Pet. 400, which has been frequently assumed to be a case in replevin, whereas it bears but little likeness, in its consequences and conditions, to a suit in replevin, *under statutes like ours.* The case does, however, bear resemblance to an action of replevin in those jurisdictions where the court, or its officers, retains the possession of the property; or where the plaintiff holds it for the court under a forthcoming bond, wherein he obligates himself to deliver the property back to the court, or its officers—an obligation he does not assume under the Missouri statute.

That replevin may be maintained against the plaintiff in another replevin *after* the officer has delivered the possession to him, is abundantly sustained by authority. *Keller v. Clark,* 135 Mass. 45; *Hagan v. Denell,* 24 Ark. 216; *Frank v. Jenkins,* 22 Ohio St. 597; *Watkins v. Page,* 2 Wis. 92; *Buckley v. Buckley,* 9 Nev. 373; *White v. Dolliver,* 113 Mass. 400; *Isley v. Stubbs,* 5 Mass. 280; *Sanborn v. Leavitt,* 43 N. H.

473.   In the case last cited, the court said: "The writ
of replevin requires the sheriff to take the property,
not as in an attachment, for the purpose of retaining
it, but for the sole purpose of forthwith delivering it to
the plaintiff in replevin, who, by the very nature of
the process, claims it as his own.   When the property
has been so delivered, it may be replevied at the suit
of another claimant against the party, since he holds
this as he does any other property.   But the law could
not countenance so absurd a thing as to give to every
party who claims the property the right to interfere
and prevent the officer from doing what it is the pur-
pose of the writ of replevin to require him to do.   The
property, while it is passing through the hands of the
officer, is in the possession of the law, and the law
could not be so inconsistent as to issue to its officers,
compelled to act at their peril, commands wholly
incompatible with each other."

The case of *Isley v. Stubbs, supra,* is a leading
authority on this question, under a statute, in the
respect there considered, similar to ours.   Isley sued
Stubbs in replevin and Stubbs set up the defense that he
held the property as plaintiff in a replevin suit against
one Lund, and that it had been delivered to him as
plaintiff in that suit, on his having given bond, etc.
We quote from Chief Justice PARSONS who delivered
the opinion:   "As a general principle, the owner of a
chattel may take it by replevin from any person whose
possession is unlawful, unless it is in the custody of
the law, or unless it has been taken by replevin from
him by the party in possession.   The plea in this case
does not allege any property in Stubbs; but it alleges
that the goods were delivered to him by the officer, in
obedience to a replevin sued by Stubbs, not against
the plaintiffs, but against Lund.   Stubbs's possession

was, therefore, so far legal against Lund, that he could not recover them back again by another replevin, but only on a *retorno habendo*, if he should prevail against Stubbs.

"But Stubbs can not by his own writ acquire any right of possession against the plaintiffs, who were not parties to it. They could not plead to Stubbs's writ, nor could any *retorno habendo* be awarded them. If Stubbs could recover judgment against Lund, certainly that judgment could not bar the plaintiffs from suing a replevin against Stubbs; and it can not be admitted that the mere pendency of his writ can more effectually protect him against the plaintiffs' suit, than a judgment in his favor could.

"But the defendant has urged in support of his plea, that if the plaintiffs should recover on this writ, he can not make restitution to Lund, if this latter should recover.

"This is true; but this argument can not avail Stubbs. If he should recover against Lund, the objection fails; and if he should not, it is his fault to have sued a replevin against Lund, without any legal cause of action. The court can not decide that the allegations of the plea are sufficient to abate the writ, without also deciding that the owner of chattels taken from him by a trespasser, finding them in the possession of a stranger, who has taken them by replevin from the trespasser, can not maintain replevin against the stranger. But the law will not authorize such a decision; for no transaction between the stranger and the trespasser can bind the right of the owner."

We have been cited principally to two cases, as being contrary to the foregoing views. That of *United States v. Dantzler*, 3 Woods (U. S. C. C.), 719, was where a defendant in replevin in a state court had retained possession of the property, by executing a

forthcoming bond for the property, that it might abide the judgment of the court. While thus in possession of the defendant, the United States marshal took it from him, under another writ of replevin, and it was held he could not legally do so, since it was held by the party from whom he took it under a forthcoming bond, and was in the custody of the court. We have already shown that the defendant in this case, as plaintiff in the first case, did not hold possession under a bond of that character.

The other case cited, *Bank v. Owen*, 79 Mo. 429, has given us more difficulty. To an understanding of the decision in that case, it is only necessary to state that on April 16, 1880, the sheriff levied on some sheep, under executions in his hands against C. Owen. On April 28, A. B. Owen, a brother of C. Owen, claiming to own the sheep, replevied them from the sheriff, the coroner executing the writ of replevin by delivering the sheep to A. B. Owen. That thereupon the sheriff, who had in the meantime received the plaintiffs' execution against C. Owen, levied it on the sheep thus in A. B. Owen's hands. A. B. Owen then made claim to them, under oath, by written notice to the sheriff, as provided by section 2366, Revised Statutes, 1879. The contest on this claim was what was determined by the supreme court commission, wherein it was held that the sheep having been levied on by the sheriff and then replevied by a third party could not be again levied on in the hands of this third party, for the reason that they were in the custody of the law. The reason back of that decision and those of similar character is this: the property is first held by the sheriff under an execution (or attachment). It is taken from the sheriff by a writ of replevin. Notwithstanding it is thus taken from the sheriff, the lien of the execution remains on the property; the enforcement of the execu-

tion is merely suspended. *Burkle v. Luce*, 1 Comst. .163; *Hunt v. Robinson*, 11 California, 262; *Hun v. Hough*, 5 Heisk, 708. As to attachment, see *Evans v. King*, 7 Mo. 411. The plaintiff in replevin against a defendant officer holding under an execution is bound (if he fails to maintain his case) to return to that officer, that the officer may execute his writ of execution upon it. If, therefore, the property may be seized in the hands of the plaintiff in replevin, under another execution, such plaintiff in replevin is disabled from so returning the property to the officer holding under the first execution; and thus the seizure under the last execution necessitates a breach of the replevin bond, and he must respond in damages for the value of the property to the sheriff, who will apply such damages in satisfaction of his first execution, in lieu of the property which had been taken from him by the replevin. Now, when one pays the value of property, in damages, the title to the property vests in him. But if the property may be taken on the second execution from such replevin plaintiff, and he pay the assessed value of the property for not returning it, he can not have the property, since it has been seized under the second writ of execution for satisfaction of such execution, and he will not only pay the value of the property, but lose it as well. For, in order to get the property, he must pay such execution; and so the same for any other executions which might, in the same way, be levied upon the property. Thus, the same property might, in this way, be utilized to discharge an indefinite number of debts, by being seized under successive writs against the same debtor. That would not be allowable. When property of the debtor is once utilized by seizure and disposal for debt, it has served the full purpose of the law. In illustration and support of the foregoing, see *Selleck v. Phelps*, 11 Wis. 380; *McKinney v. Purcell*, 28 Kan. 446;

*Hunt v. Robinson,* 11 Cal. 262; *Caldwell v. Gans,* 1 Mont. 570.

Again, generally, it is a good plea for a failure to deliver, that the property has been seized and taken from the party obligated to deliver by process against the party entitled to the delivery. But in cases of the class of *Bank v. Owen, supra,* the plaintiff who has replevied from the sheriff and from whom the property has been taken under another execution, could not plead as excuse for his not returning the property to the sheriff (if return was adjudged) that it had been seized under process against the sheriff, or even against the plaintiff, in the execution for whom the sheriff held it. For such was not the fact,—the execution under which it has been taken from him is against the debtor.

In the case before us none of these embarrassments arise. Yet, while this is true, we concede that there is an apparent inconsistency between the two classes of cases. The object of replevin is the recovery of specific property and it has been considered that such property was, by the writ of replevin, put in the possession of the court's officers for final disposition. For convenience, as economy in expense, it has been provided that it may go into the possession of one of the parties litigant, upon the execution of a certain bond. In many of the states that bond is conditioned for the return of the property into the possession of the court, or its officers. But, as we have already seen, in this state the bond is conditioned to return the property to the defendant; and we must hold that under such bond, property not already *in custodia legis,* seized under a writ of replevin and *turned over to the plaintiff,* is not, while in his hands, in the custody of the law. It is only in custody of the law in such case, while in the hands of the officer, before delivery by him to the plaintiff. *Powell v. Bradley,* 9 Gill & J. 220; *Sanborn*

*v. Leavitt*, 43 N. H. 473; *Nelke v. Boldridge*, 43 Mo. App. 333; *Hagan v. Denell*, 24 Ark. 216. In the latter case it was announced that eminent counsel had conceded this. Its correctness is further evidenced by the fact that the replevin plaintiff, in possession, if he be in truth the owner, may sell the property while the case is yet pending. *Donahue v. McAleer*, 37 Mo. 312. He holds it during the pendency of the suit, under the bond, but not as the bailee of the officer. He is under no obligation to return it to the officer. He is only under obligation to return it to the officer when such officer is the defendant. Then, as we have seen, he binds himself to return to the officer, and the latter only holds for the purpose of the execution. But when this condition of a case does not present itself, the property is free from the possession of the court, or its officers.

Attention has heretofore been called to the distinction between cases where property in replevin is held *in custodia legis*, and where it is not. Thus, in *Hunt v. Robinson*, 11 California, 272, it was said: "In ordinary cases, the property is not in the custody of the law, by virtue of process, but is in the possession of one of the claimants, each party claiming in his *own* right. In this case, the sheriff did not claim the property in his personal, but in his official capacity. He traced his only right to the property through the attachment." And so BREWER, J., said in *McKinney v. Purcell*, 28 Kan. 452, that there was a distinction between these classes of cases.

2. There was a controversy on the identity of the mule, arising from the description in the respective mortgages. We have examined the evidence in this respect, together with the instructions given and refused, and find no reason for interference with the judgment. Defendant's instruction given certainly

placed his case fully and fairly before the jury. Instruction number 4 refused for him was covered in all substantial respects by number 5, which was given. After an examination of the entire record, we conclude the judgment must be affirmed.    All concur.