The action being continued nisi for advisement, at the following term of this Court holden at Lenox, the opinion of the Court was delivered by
Parsons, C. J.
The defendant, to support his plea, has argued that replevin at common law does not lie, unless where goods are taken by distress as a pledge.
It is true that, anciently, replevin was generally sued out to replevy cattle taken by distress as a pledge; but in fact, replevin lies for him who has the general or special property in chattels, against him who has wrongfully taken them, (a) But chattels in the custody of the law cannot at common law be replevied, as goods taken by distress upon a conviction before a justice, or goods taken in execution; and by parity of reason, goods attached by an original writ, as security for the judgment, cannot be replevied. But if the goods are wrongfully taken by virtue of legal process, the remedy of the owner was by action of trespass or trover, against the officer. For the common law would not grant process to take from an officer chattels which he had taken by legal process already issued. (b)
But the common law has, in this respect, been altered by the stat ute of 1789, c. 26. $ 4. This statute authorizes the suing of a writ of replevin against the officer, for chattels which he has attached or seized on execution, provided the plaintiff in replevin be not the debtor. This alteration of the common law has been productive of much practical inconvenience; but it must rest with the wisdom of the legislature to decide whether the common law, in this respect, should or should not be restored.
*218 [*284] * As a general principle, the owner of a chattel may take it by replevin from any person whose possession is unlawful, unless it is in the custody of the law, or unless it has been taken by replevin from him by the party in possession. The plea, in this case, does not allege any property in Stubbs; but it alleges that the goods were delivered to him by the officer, in obedience to a replevin sued by Stubbs, not against the plaintiffs, but against Lund. Stubbs’s possession was, therefore, so far legal against Lund, that he could not recover them back again by another replevin, but only on a retorno habendo, if he should prevail against Stubbs.
But Stubbs cannot by his own writ acquire any right of possession against the plaintiffs, who were not parties to it. They could not plead to Stubbs’s writ, nor could any retomo habendo be awarded them. If Stubbs should recover judgment against Lund, certainly that judgment could not bar the plaintiffs from suing a replevin against Stubbs; and it cannot be admitted that the mere pendency of his writ can more effectually protect him against the plaintiffs’ suit, than a judgment in his favor could.
But the defendant has urged in support of his plea, that if the plaintiffs should recover on this writ, he cannot make restitution to Lund, if this latter should recover.
This is true; but this argument cannot avail Stubbs. If he should recover against Lund, the objection fails; and if he should not, it is his fault to have sued a replevin against Lund, without any legal cause of action. The Court cannot decide that the allegations of the plea are sufficient to abate the writ, without also deciding that the owner of chattels taken from him by a trespasser, finding them in the possession of a stranger, who has taken them by replevin from the trespasser, cannot maintain replevin against the stranger. But the law will not authorize such a decision; for no transaction between the stranger and the trespasser can bind the right of the owner.
[ * 285 ] * Another objection has been ma ’e to this writ; that, being directed to the sheriff or his deputy, Lund, the deputy, has executed it, when he is the same person from whom the defendant had replevied them by the intervention of a coroner.
We cannot allow any weight to this objection; for Lund, in executing this writ, acted ministerially; and it is very immaterial whether he, or any other deputy, or the sheriff himself, executed it.
It is therefore our opinion, that the plea in abatement is bad.
The plaintiffs have objected to the form of the plea, because it is in abatement of the writ and declaration.
At common law, the declaration forms no part of the writ, but is produced by the plaintiff after the writ is served. But by our forms, *219 established by statute, the declaration is inserted in, and is a part of the writ. This is done to prevent delay ; for the defendant may have knowledge of the count when the writ is served, which is fourteen days, at least, before it is returnable. , From the form of the writ, it has been the ancient, if not the immemorial usage, when the defect in the writ appeared only in the count, in which the writ is not recited, to plead in abatement of the writ and declaration. Thus in replevin for goods, which are described only in the count, property in a stranger may be pleaded in abatement of the writ only. In the present case, as the plea applies to the chattels replevied, which are described in the count only, it is pleaded in the usual form in abatement of the writ and declaration.
But there does not appear to be any necessity for the distinction. And it would be better that all pleas in abatement should conclude to the writ; for in all pleas in abatement, so much of the count as is necessary to make a perfect writ, and which would be a part of the writ, if the writ and count were separate, would, in considering such pleas, be taken to be a part of the writ.
Let judgment of respondeos ouster be entered.

 Vide note to Badger vs. Phinney, 15 Mass. 363, 2d Ed. and the cases there cited.

 Cromwell vs. Owings, 7 Harr. and Johns. 55. The rule that goods taken in execution, or in custodia legis, cannot be replevied, does not extend, as is above erroneously supposed, to the case of goods of a stranger, wrongfully taken by virtue of a writ, execution, or legal process against another person. Clark vs Skinner, 20 Johns. 465. — Thomson vs. Button, 14 Johns. 86. — Ackworth vs. Kempe, Dougl. 40.— Sanderson vs. Baker, 2 Black. 832. — Commonwealth vs. Kennard, 8 Pick. 133. — Vide Portland Bank vs. Stubbs & al. 6 Mass. 422.