## JABEZ KELLOGG vs. DAVID C. CHURCHILL.

Repelvin cannot be maintained against a sheriff for property by him taken on execution from the possession of the judgment debtor.

THIS was replevin for a mare, waggon and harness.

The cause was submitted to the decision of the court upon the following facts.

The defendant, being a deputy of the sheriff of this county, and having in his hands an execution in favor of one *Bellows* against *Isaac Morey*, took the articles mentioned in the plaintiff's writ from the possession of *Morey*, by virtue of the said execution; and it was agreed, that if the court should be of opinion that the action could not under these circumstances be maintained, the plaintiff should become nonsuit.

*Phelps*, counsel for the plaintiff.

*Bell*, for the defendant.

WOODBURY, J.   Though at common law, replevin was extended from cases of distress for rent to all cases of a tortous taking of personal property; yet such property, if taken under process of law, was always deemed an exception to the general principle.   *Gilbert on Dist.* 44, 161.—2 *Stra.* 1184.—1 *Barnard's Rep.* 110.—*Willies* 672 *and note.*—1 *Scho. & Lef.* 327.—3 *Mass. Rep.* 304.—5 *ditto* 285, *Isley et al. vs. Stubbs.* Such a taking was not considered tortous, because by a legal officer and by virtue of a legal precept; or probably a better reason was, that the property when so taken went into the custody of the law, eventual indemnity to the real owner was not endangered, and by permitting a replevin, " the ex-" ecution of the writ of *fieri facias* might in all cases be delay-" ed or eluded."(1)

(1) 15 John. Rep. 403.
(2) 14 John. 86.
(3) 15 John. 401.

In *Thompson vs. Betton*(2) and *Gardner vs. Campbell*,(3) it is remarked, that replevin will lie for property taken on exe-

cution, by a person who was not the judgment debtor and who had actual possession of the property when seized. But whether this rests upon a statute or on common law principles, is not stated; though in 5 *Mass. Rep.* 280, a similar practice appears there to be founded on express statute. It is unnecessary to settle the law here upon that point, as the property in the present case was taken from the actual possession of the judgment debtor. Under such circumstances, this defendant could reclaim possession of the property even against another officer, seizing it under a subsequent precept. 15 *Mass. Rep.* 465, *Gordon vs. Jenny.*

*Plaintiff nonsuit.*