## Osgood *v.* Green.

After an action has been brought by appeal into an appellate court, and a motion is there made to amend the pleadings, it is in the discretion of the court to allow the amendment, *provided* sufficient appears upon the papers to give the appellate court jurisdiction, and the amendment does not introduce new matter, which the court below had not jurisdiction to determine. If the jurisdiction of either court would be affected by the amendment, it cannot be made.

At common law, replevin could be maintained for the wrongful detention of a distress.

Before the enactment of our statute in relation to replevin, the action could be maintained for the wrongful detention of a distress, notwithstanding the taking might have been rightful.

An avowry, justifying the taking of cattle *damage-feasant* is sufficient, without justifying the detention.

A plaintiff may plead to an avowry an abuse of the distress, or any matter showing the defendant's proceedings to have been irregular and illegal.

Appeal from the judgment of a justice of the peace. The action was replevin for a three years old bull; and the declaration alleged that the defendant, on the 14th day of June, 1852, in a certain close described in the declaration, took the bull and unjustly detained him.

The defendant avowed and justified the taking of the bull as *damage-feasant,* but did not avow or justify, or in any way answer or defend the detention, and issue was joined on the question of damage.

Osgood *v.* Green.

The plaintiff demurred to the avowry. The defendant excepted to the ruling of the court in granting leave to the plaintiff to withdraw his plea and demur, at the third term after the action had been entered in the court of common pleas, and after issue had been joined and the cause tried before the justice.

The questions arising upon the case were transferred to this court for determination.

*Perley,* with whom was *Butters,* for the plaintiff.

The ruling of the court was correct in granting leave to withdraw the plea and demur. Cases where on an appeal, the courts have refused to allow amendments, are where the court below, on the amended pleadings, would have had no jurisdiction, or where the court above have no jurisdiction as the pleadings stand. But where there is no question of jurisdiction, the court above will amend. *Parker* v. *Gregg,* 3 Foster's Rep. 416; *Flagg* v. *Gotham,* 7 N. H. Rep. 266; *Johnson* v. *Gould,* 3 Foster's Rep. 252.

By our statute, replevin lies where cattle are unlawfully detained, though they were lawfully taken as a distress. *Kimball* v. *Adams,* 3 N. H. Rep. 182.

The declaration alleges that the defendant took and unlawfully detained the animal. The avowry justifies the taking, but makes no answer to the charge of illegal detention. It answers only a part of the declaration, and for that reason is bad in substance.

At common law, replevin does not lie unless the original taking was unlawful in fact, or made so in law by relation; and a mere omission to do an act required by law would not make the taking tortious *ab initio. Kimball* v. *Adams,* 3 N. H. Rep. 182; *Mearry* v. *Head,* 1 Mason 322; *Ex parte Chamberlain,* 1 Shoales & Lef. 320.

At common law, if the avowry justified the taking, it answered the whole declaration.

When the defendant has been guilty of some unlawful

Osgood v. Green.

act, that made his original taking unlawful by relation, this act has sometimes been insisted on by plea. And this would be an answer to the avowry; but where the detention is not justified, a plea showing the fact that the detention was unlawful, would be no answer to the avowry, but a mere affirmance of the allegation in the declaration that the detention was unlawful.

The defendant must know, and, therefore, should state what he has done to make the detention legal; but these facts cannot be supposed to be within the knowledge of the plaintiff. The defendant should, therefore, be held, as in other like cases, to set out the matter on which he relies.

In other jurisdictions, where the remedy by replevin has been extended to an unlawful detention, the pleadings have been made to conform to this alteration in the law. *Walpole* v. *Smith,* 4 Blackf. 304; 7 Blackf. 604; *Ferrill* v. *Humphrey,* 12 Ohio Rep. 112; *Amos* v. *Sennet,* 4 Scam. 440.

*Clarke & Hayes,* for the defendant.

The plaintiff contends that the defendant has not answered the detention complained of in the declaration. Our reply is,

I. That an answer to the taking is an answer to the detention. A taking, in fact and in law, includes a detention. The detention is only a continuance of the taking, or a continued series of takings. And if the two are separated, the taking is reduced to an act which occupies no conceivable space of time, which is a thing impossible. That a detention is regarded as a continued series of takings in law, is shown by the fact that the plaintiff, in replevin, is not restricted to the original taking, but may allege the taking in any place where the defendant had the goods or animals. And where to an avowry for rent in arrear, it was pleaded that after the taking, the plaintiff tendered the rent and expenses, and the defendant demurred because the plea did not go to the taking, but only to the detaining, the plea

was held good because the tortious detention was in law a taking. *Evans* v. *Elliott*, 5 A. & E. 142. And the converse is equally true. A taking for which replevin can be maintained, must be coupled with a detention from the time of the original taking to the date of the plaintiff's writ, otherwise there would be nothing in the defendant's possession to be replevied, and the action could not be brought. Hence if the defendant has not answered the detention, he has not answered the taking.

II. The defendant's avowry, in this case, is in the form laid down in all the precedents and reported cases. It has always been held that the defendant need answer nothing but the taking. And the course of pleading shows what the law is.

III. The statute relating to impounding has not altered the law of pleading. The writ and declaration are the same as they were at common law, and the practice in pleading under the statute has been the same as at common law. *Brown* v. *Smith*, 1 N. H. Rep. 36 ; *Kimball* v. *Adams*, 3 N. H. Rep. 182; *McIntire* v. *Marden*, 9 N. H. Rep. 288.

IV. The defendant alleges in his avowry that he took the said bull *damage-feasant* as for distress for said damage, which necessarily implies that he detained him for the same cause. And whatever is necessarily implied in a plea is traverseable as much as if it were expressly alleged. *Haight* v. *Halley*, 3 Wend 258.

Necessary circumstances, implied by law, need not be expressed in pleading. *Case* v. *Humphry*, 6 Conn. Rep. 130.

When the natural interpretation of the terms used in a plea shows a good defence, exception cannot be taken on general demurrer. *Wood* v. *Fund*, 7 Ham. 196.

A plea that contains sufficient substantial facts will be sustained on general demurrer, though they are argumentatively stated. *Patchin* v. *Doolittle*, 3 Vt. Rep. 461 ; *Spencer* v. *Southwick*, 9 Johns. 314.

V. In regard to the defendant's exception, in this case,

the following authorities are in point. On appeal from a justice of the peace, the common pleas is restricted to the issue or issues of law or fact, framed in the court below, and appearing upon the record; and where, upon the trial of a cause before a justice, the plaintiff omits to reply to the defendant's plea or to demur to it, he will not, on appeal to the common pleas, be permitted to object to the form of the plea. *Ross* v. *Hamilton*, 3 Barb. Sup. Ct. Rep. 609.

The common pleas are bound, ordinarily, to try an appeal case on the pleadings and issue joined before the justice; but where new matter of defence arises after the justice's judgment is given, it may be pleaded *puis darrein*. *People* v. *Ontario C. C. P.*, 1 Wend. 80. See, also, *Hansborough* v. *Towns*, 1 Texas Rep. 58; *Willard* v. *Bridge*, 4 Barb. Sup. Ct. Rep. 361; *Bank of Illinois* v. *Brady*, 3 McLean 268.

EASTMAN, J. This case, though very brief, presents two questions, and one of them has required considerable examination.

In the order of time, the first question arises upon the ruling of the court, granting leave to the plaintiff to withdraw his plea and demur. With regard to this point, the rule is this: If upon the appeal papers being presented, sufficient does not appear upon them to give the appellate court jurisdiction, the amendment cannot be granted so as to obtain jurisdiction. Or if the amendment desired would introduce new matter, which the court below had not jurisdiction to determine, then it cannot be made. By admitting the former amendment, the court would, by its own act, obtain jurisdiction of a case, of which the papers would show that it had no jurisdiction. And by the latter, a new cause of action would be introduced into the suit. Neither of which can be done. But if the amendment be such as not to affect the jurisdiction either of the appellate court or the court below, it is, in general, allowable under the broad pro-

visions of the Revised Statutes, in relation to amendments; provided it does not conflict with the rules of court regulating the practice in such cases.

Such being the rule as applicable to the amendment of pleadings in an appellate court, the ruling of the court below was correct. It was within their discretion to allow the plea to be withdrawn, and a demurrer to the avowry to be filed. Neither the jurisdiction of the common pleas nor of the justice of the peace was affected thereby.

The second question is a more difficult one; but after considerable examination, we think that the demurrer must be overruled. The avowry is objected to on the ground that, while it justifies the taking, it leaves unanswered the detention; and this objection rests upon the position that our statute has extended the remedy of replevin to cases of wrongful detention, to which it did not apply at common law, and that the action must, therefore, be subject to new rules of pleading, requiring not only the taking to be justified, but the detention also.

An examination of the authorities has brought us to the conclusion that, before the enactment of our statute, the action of replevin would lie for the wrongful detention of the distress, notwithstanding the taking might be rightful; and that the statute has made no substantial change in the law in that respect.

Blackstone says, if I distrain another's cattle *damage feasant*, and before they are impounded, he tenders me sufficient amends, now although the original taking was lawful, my subsequent detainment of them, after tender of amends, is wrongful, and he shall have an action of replevin against me to recover them; in which he shall recover damages only for the detention, and not for the caption, because the original taking was lawful.  3 Black. Com. 151.

In *Evans* v. *Elliott*, 5 A. & E. 142, which was replevin for taking and detaining, &c., the avowry was for rent in arrears, and the plea that, after the taking and before the im-

pounding, the plaintiff tendered the rent and expenses; on special demurrer for that the plea did not go to the taking but only to the detaining, it was held that the plea was good, the tortious detention being a taking.

The following authorities, it is believed, will also sustain us in the conclusion stated. Com. Dig. Replevin C.; Spelman's Glossary 485; Gilbert on Replevin 58; Hammond's N. P. 373, 448; Fitzherbert's Natura Brevium 69, Hale's note a. ; 8 Coke 290; *Isley & a.* v. *Stubbs*, 5 Mass. Rep. 284; *Baker* v. *Fales*, 16 Mass. Rep. 147.

Some of the books hold that the action cannot be maintained for an illegal detention merely, except by express provision of the statute, unless the act be such as to make the defendant a trespasser *ab initio*. And such would appear to be the weight of authority. 7 Johns. Rep. 140; 17 Johns. Rep. 116; 1 Mason's Rep. 322; Graham's Prac. 55; Story's Pl. 442, note.

But so are not all the authorities. In Massachusetts, the court have said that the action will lie at common law for an illegal detention, independent of their statutory provisions. *Isley & a.* v. *Stubbs*, 5 Mass. Rep. 284; *Badger* v. *Phinney*, 15 Mass. Rep. 359; *Portland Bank* v. *Stubbs*, 6 Mass. Rep. 427. And in *Baker* v. *Fales*, 16 Mass. Rep. 147, the particular point decided was that "replevin lies for a wrongful detention of the plaintiff's goods, although the original taking may have been justifiable." And so also was the decision in *Marston* v. *Baldwin*, 17 Mass. Rep. 606.

It appears to be admitted in the argument that if the acts of the plaintiff were such as to make him a trespasser *ab initio*, the avowry is sufficient, replevin being maintainable in such a case, and the plea according to the forms.

Assuming this to be so, and that the action cannot be maintained unless the acts amount to trespass *ab initio*, still this avowry would seem to be good. According to high authority, any matter showing the distress to have been abused, or

the proceedings of the defendant to have been irregular, may be brought out by plea to the avowry.  As the detention presupposes and includes a caption, by the forms and rules of pleading a justification of the caption is a justification of the detention, and the new matter, showing the detention to have been illegal, should be set forth in the plea to the avowry.  The issue thus becomes narrowed down to the real point in controversy—the irregular or illegal proceedings, or abuse of the distress after the caption. 10 Johns. Rep. 253 ; 2 Johns. 191 ; 10 Johns. 369.

In *Sackrider* v. *McDonald,* 10 Johns. Rep. 253, it was decided that if a party failed to have the damages done by the cattle assessed, according to the requirements of the statute, it was irregular and unlawful, and rendered the party impounding a trespasser *ab initio.*

*Pratt* v. *Petrie,* 2 Johns. Rep. 191, is to the same effect. And in *Hopkins* v. *Hopkins,* 10 Johns. Rep. 369, it was held that, in replevin, where the defendant justifies the taking of the beasts as a distress *damage feasant,* the plaintiff may reply that the avowant, after making the distress, abused it, so as to render him a trespasser *ab initio ;* as if he impounds the cattle after making the distress, without having the damage previously assessed by the fence-viewers, according to the directions of the (New York) act.  And he shall recover damages, as in trespass, for the unlawful taking.  In the course of the opinion which was delivered by *Kent,* C. J., it is said that " it is a point assumed in many of the books, and no where denied, that the plaintiff may plead in bar to the avowry that the avowant so abused the distress as to render himself a trespasser from the beginning.  There is no reason why the general principle should not apply to this action as well as to trespass, that where a person acts under an authority or license given by law, and abuses it, he shall be deemed a trespasser *ab initio.*"

According to the doctrine of these cases, this plaintiff may plead to the defendant's avowry any matter showing an

VOL. XXX.          15

abuse of the distress, or any unlawful or illegal proceedings by the defendant, after the taking. The defendant may thus be shown to stand in the position of a trespasser *ab initio*, and so liable, upon this ground, at common law.

There is weight in the suggestion of the plaintiff's counsel, that the defendant must know, and should, therefore, be held to set out the matter on which he relies for a defence of the detention. But when he justifies the taking of the cattle as *damage feasant*, his pleading shows him to be in the right, and this is all the law requires of him in the first instance. His rightful caption includes the detention. Replevin cannot be maintained against him unless he had no right to make the distress, or has abused it, or proceeded illegally after making it; and if the plaintiff sees fit to commence this form of action against him, and he justifies the taking, it has been said that the plaintiff, and not the defendant, should be called upon to show why the action was brought; that he ought to know and be required to state, in the course of the pleadings, the ground of bringing his action. But whatever may have been the reason of the rule, the books appear to us to settle it; and being more a matter of practice than one involving any essential principle affecting the rights of the parties, we think we should adhere to the authorities, and that the demurrer should be overruled.