## BONNEY v. SMITH.

A defendant in replevin cannot lawfully, while the action is pending, re-take the replevied property from the plaintiff on another writ of replevin against him.

REPLEVIN, for a horse. The defendant pleaded title and the right of possession. The plaintiff replied title, and denied the defendant's right and title. The referee found that, prior to any action, the plaintiff was the lawful owner of the horse, and rightfully in possession. The defendant replevied it, and, while his action was pending, the plaintiff brought this suit. The court ordered judgment for the defendant, and the plaintiff excepted.

*Hardy*, for the plaintiff.

*Wellington* (with whom were *Lane & Dole*), for the defendant.

ALLEN, J. On a plea of title in replevin, with a replication of title in the plaintiff, the plaintiff must show a right to immediate and exclusive possession. *Wheeler* v. *Train*, 3 Pick. 255; *Collins* v. *Evans*, 15 Pick. 63. Since the amendment of the statutes upon replevin in 1873 (Laws of 1873, c. 23, s. 1), the action of replevin

may be maintained for the unlawful detention as well as the unlawful taking of property. But this amendment did not enlarge the action, so as to include the case of goods seized on a valid execution. *Kittredge* v. *Holt*, 55 N. H. 621. Nor does it appear that the law was so changed as to affect the case of goods once taken in replevin. Goods once taken by a sheriff on a writ of replevin, cannot be taken from him by another writ of replevin. *Sanborn* v. *Leavitt*, 43 N. H. 473. When the property replevied has been delivered to the plaintiff, it may be again replevied at the suit of another claimant. *Bell* v. *Bartlett*, 7 N. H. 178, 190; *Ilsley* v. *Stubbs*, 5 Mass. 280. But it is nowhere claimed in these cases, or in any other, that the defendant in replevin could at once turn around and replevy the goods from the plaintiff in another action of replevin.

An insuperable objection to the plaintiff's right to maintain this action is the pendency of another action between the same parties involving the same issue. The defendant claimed the horse, and replevied it. The plaintiff claimed the same horse, and immediately replevied it back into his own possession. The title to the property, or the right of possession, was the only question in dispute, and it was the same question in both cases. Being impleaded in the first case, the plaintiff could try his right there, but could not duplicate or multiply the same proceeding for vexatious or other purposes. If this action could be maintained, no reason exists why the defendant might not again have replevied the horse, and the plaintiff in turn, also, on his part, and so on, *ad infinitum*. Reason, authority, and public policy forbid such a proceeding, and require that litigation, once commenced, shall proceed to its end without delay or vexation. The property having been once replevied by the defendant in his action against the plaintiff, pending that action this plaintiff could not lawfully dispossess the defendant, who had a right as against the plaintiff to retain the property until the controversy in that suit was settled.

*Exception overruled.*

CLARK, J., did not sit: the others concurred.