† MUSGRAVE *versus* HALL.

Goods seized upon a warrant issued in due form against their *owner*, by a magistrate having jurisdiction under a valid statute, cannot by *him* be replevied.

Thus, the owner of spirituous liquors seized by virtue of a warrant in due form against him, under c. 48, of the Acts of 1853, cannot replevy them from the possession of the officer who executed it.

ON FACTS AGREED.

REPLEVIN, for fifteen barrels and three kegs of spirituous liquors.

On June 13, 1853, the defendant, as a constable of Portland, seized the liquors described in the writ, under a warrant issued in conformity to c. 48, of the Acts of 1853, and made due return of his warrant, having conveyed the liquors to a proper place of security for final action.

While this complaint was pending, the plaintiff, being the owner of the liquors, on Aug. 25, 1853, caused them to be replevied, without defendant's knowledge.

Afterwards, on Nov. following, on trial of the complaint, the plaintiff was adjudged guilty, as to the liquors contained in the kegs, and they were declared forfeited, and not guilty as to the other, which was ordered to be returned to plaintiff.

On account of this suit, no action has been had under these orders.

The Court were authorized to render such judgment as the law required.

TENNEY, J. — The warrant, under which the liquors in question were seized, not being referred to as a part of the case, must be treated, under the agreed statement, as conforming in all respects to § 1, c. 48, of the statutes of 1853,

and as being against the plaintiff, who was the general owner of the property.

The plaintiff has presented to the Court no argument in the case, and consequently has made no objection to the validity of the statute referred to. Exceptions taken to the ruling of Judges in jury cases, that the search for spirituous and intoxicating liquors, and the seizure of the same, under the statute of 1851, c. 211, § 11, were legal, and argued to the whole Court, have not been sustained. Objections to the part of the statute, under which the warrant in this case was issued, can certainly have no better foundation. The property may, therefore, be regarded as legally seized, and it being conveyed to a proper place of security, to be there kept until final action upon the complaint, under which the warrant issued, and due return being made upon the warrant, it was in the custody of the law at the time it was taken on the replevin writ.

Can the owner of property, seized upon a warrant against him, in due form, issued by a magistrate having jurisdiction under a valid statute, be replevied by such general owner? As a general principle, the owner of a chattel, at common law, may take it by replevin from any person whose possession is unlawful, unless it is in the custody of the law. But chattels in the custody of the law, cannot be replevied; as goods taken by distress, upon a conviction before a justice, or goods taken in execution. Neither can goods attached by an original writ, as security for the judgment, be replevied, at common law, but by the statute, the claimant, who is not the party against whom the precept issued, on which they were taken, may replevy the goods so taken. *Ilsley & al.* v. *Stubbs,* 5 Mass. 280.

The statute of this state, c. 130, § 8, has authorized the taking of goods on writs of replevin, when they shall be unlawfully taken or unlawfully detained from the owner or person entitled to the possession thereof, but has not changed the common law so that the owner of the chattel can take them from the possession of the officer who seized

them and detains them upon a legal precept. If it could be done, it would effectually repeal the provision by authority of which goods can be seized. Two statutes could not consist together, one authorizing a seizure of the goods upon a process against the owner, and the other giving power to the owner to take them from the officer who seized them. The suit in replevin cannot be maintained, and by the agreement of the parties, the plaintiff must be

*Nonsuit.*

*Strout,* for plaintiff.

*S. Fessenden,* for defendant.