ROSE L. WILLIAMS *vs.* SAMUEL BUNKER.

Somerset.   Opinion September 23, 1886.

*Trespass.   Replevin.   Officer.   Aid to officer.*

One who procures a replevin writ to issue and causes it to be served, by which property is taken which belongs to a third person, is liable in trespass to the owner of the property; and the fact that he acted as the servant of the officer in making the service, would not protect him, even though the officer himself might have a valid defence.

ON REPORT.

Trespass for taking and carrying away a cow and calf belonging to the plaintiff, May 8, 1885.   The writ was dated August 17, 1885.   The opinion states the material facts.

*Walton and Walton*, for the plaintiff, cited: R. S., c. 82, § 13; *Fuller* v. *Miller*, 58 Maine, 40; *Willard* v. *Kimball*, 10 Allen, 211; *Libby* v. *Soule*, 13 Maine, 310; *Shipman* v. *Clark*, 4 Denio, 446; *Ilsley* v. *Stubbs*, 5 Mass. 280; *Miller* v. *Baker*, 1 Met. 27; *Phillips* v. *Hall*, 8 Wend. 610; *Root* v. *Chandler*, 10 Wend. 110; *Herring* v. *Hoppock*, 15 N. Y. 409; *Davis* v. *Newkirk*, 5 Den. 92; *Wetzell* v. *Waters*, 18 Mo. 396; *White* v. *Dolliver*, 113 Mass. 400; *Stimpson* v. *Reynolds*, 14 Barb. 506; *Carpenter* v. *Lott*, 31 Hun. 349; *Davis* v. *Gambert*, 57 Iowa, 239.

*D. D. Stewart*, for defendant.

The plaintiff's declaration alleges a joint trespass against two defendants, on May 8, 1885, by taking and carrying away a cow and heifer, alleged to be her property.

The defendants pleaded specially in bar that one of them was a deputy sheriff and took the cow and heifer under and by virtue of a writ of replevin against one Eli M. Steward, in favor of one Samuel Bunker, and that the other defendant acted simply as his servant, by his command aiding and assisting him in the service of said writ of replevin, and in executing the mandate of said writ; and that this is the trespass complained of in the

plaintiff's writ. The plaintiff's demurrer admits that these are the facts, and that this is the trespass for which this suit is brought.

Two questions, then, arise upon the demurrer :

1. Is the plea in bar sufficient in form?

2. Is it sufficient in substance to bar the action?

1. As to the first question, the plea was drawn upon the following precedents and authorities: 3 Chitty's Pleading, " Trespass," 1083, 1087, 1094, 1096, 1098, 1100, 1110, 1129, 1130, 1133, 1136, 1137, 1139 ; Story's Pleading, " Trespass," 566, 569, 573, 574, 592, 608 ; *Chambers* v. *Donaldson*, 11 East. 66 ; *Moors* v. *Parker & al.* 3 Mass. 310 ; *Cushman* v. *Churchill*, 7 Mass. 97 ; *Potter* v. *McKenney*, 4 East. Rep. 199 ; *Adams* v. *McGlinchy & al.* 66 Maine, 475.

2. Upon the second question, the following authorities appear to be decisive : *Moors* v. *Parker & al.* 3 Mass. 310 ; *Cushman* v. *Churchill*, 7 Mass. 97 ; *Willard* v. *Kimball*, 10 Allen, 211 ; *Oystead* v. *Shed & al.* 12 Mass. 506 ; S. C. 13 Mass. 520 ; *Darling* v. *Kelly*, 113 Mass. 29 ; *Lockwood* v. *Perry*, 9 Met. 445 ; LORD KENYON, C. J., in *Belk* v. *Broadbent*, 3 Term R. 184-5 ; *Luddington* v. *Peck*, 2 Conn. 701 ; *Watson* v. *Watson & al.* 9 Conn. 141 ; *Curry* v. *Johnson*, 13 R. I. 121 ; *Foster* v. *Pettibone*, 20 Barb. 350 ; *Potter* v. *McKenney*, 78 Maine, 80, opinion by LIBBEY, J. ; 4 East. Rep. 199 ; *Adams* v. *McGlinchy & al.* 66 Maine, 475.

DANFORTH, J. This is an action originally commenced against two defendants, one of whom was a deputy sheriff. But before the pleadings were filed the writ was amended by a discontinuance as to the officer. A special plea in bar was filed setting out that the property in question was taken by the officer upon a replevin writ duly issued against one Eli M. Steward, and that the other defendant acted as the servant and under the directions of the officer in the service of the replevin writ, " which is the supposed trespass complained of." To this plea there is a demurrer and joinder.

It is undoubtedly true that an officer acting within his pre-

scribed duties in taking, under a writ of replevin, from the possession of the defendant therein named, the specific property therein described, would not be guilty of trespass, even though the title might be in some third person. *Willard* v. *Kimball*, 10 Allen, 211. The officer while in the performance of his legal duties is protected by the law. It is also true that what he can lawfully do, he can, if necessary, avail himself of the assistance of another in doing, and the law will furnish the same protection to the servant as to the master, but not beyond that.

In this case, though the replevin writ describes the property as taken and detained by the said Eli M. Steward, the plea does not allege it was in his possession when taken by the officer. Whether the writ would authorize the officer to take even the specific property described if not found in the possession of the defendant, may perhaps be more than doubtful. *Stimpson* v. *Reynolds*, 14 Barb. (N. Y.) 506. But we rest the decision in this case upon another point.

It sufficiently appears from the papers in the case at bar, that this defendant and the plaintiff in the replevin suit are one and the same person. This is shown by the fact that the name and residence are the same, and by the recitals in the plea. After describing the replevin writ, the parties, service, and the delivery of the property to the plaintiff therein, the said Samuel Bunker, the plea further states that such "service of said replevin writ in manner aforesaid, by the said E. M. Steward, as deputy sheriff aforesaid, the *said Samuel Bunker*, the other defendant in the present suit, aiding and assisting him as his servant, was the trespass complained of," &c. Surely the Samuel Bunker named as defendant, by the word "said" is directly referred to the previous Samuel Bunker named as plaintiff in the replevin suit, and must therefore be the same person.

Hence the defendant in this suit does not stand in the same position as if a stranger to the replevin writ. Here is introduced another and a distinct element. He is perhaps to some extent a servant to the officer, but he is also something more. He is principal as well as servant. It was through his instrumentality that the replevin writ was issued, through his procurement that

the service was made, and it was his act by which he received possession of and appropriated the property in question. These acts were not within the province of the officer, and if illegal he could not justify them, nor would his command protect the defendant from the consequences of that illegality, even though he might be innocent in the performance of his own duties. This view is consistent with the authorities cited to sustain the defence.

There may be a statement in the opinion in *Adams* v. *McGlinchy*, 66 Maine, 480, which seems at first view to support the defence in this case. But an examination will show the contrary. That was an action of trespass for property taken upon a replevin writ, in which the defendant in replevin was the plaintiff and not, as in this case, a third party. In that case the defence was property in the plaintiff in the replevin suit. But the officer had never returned the replevin writ, and thereby became a trespasser *ab initio*. It was therefore said in that case in substance that the claimant of the property having resorted to replevin to recover possession, and acted as an aid to the officer in obtaining that possession, was so far a servant of the officer that he must stand or fall with him. This was true as applied to the facts in that case. If the service had been completed by the return of the writ, there would have been no occasion for an action of trespass, nor could one have been maintained. As it was not, there was no service to protect either the officer or his servant.

In this case the plaintiff is a third person, neither a party or interested in the replevin suit. A judgment in that would have no effect upon her rights, much less would a mere pendency of the action. If, therefore, the property is hers, any legal remedy must be open to her to recover possession of it, or damages against the wrong doer. There is no allegation in the plea that the property in question did not belong to her, or that it did belong to the defendant, and hence no admission arising from the demurrer upon that point. That question is still open. In *Ilsley & al.* v. *Stubbs*, 5 Mass. 280, it was held under like circumstances, that an action of replevin would lie. This could

only be on the ground that the plaintiff was wrongfully deprived of his property, and the same facts would sustain trespass.

*Demurrer sustained. Special plea in bar adjudged bad.*

PETERS, C. J., VIRGIN, LIBBEY, FOSTER and HASKELL, JJ., concurred.