E. L. MORGAN, Appellant, v. S. C. ZENOR, Appellee.

Replevin: PROPERTY SEIZED ON EXECUTION: VALIDITY OF JUDGMENT: COLLATERAL ATTACK. An action of replevin will not lie for the recovery of personal property seized under execution upon a judgment, alleged to have been recovered without either actual or constructive service of original notice, in the absence of any showing that the court wherein the judgment was rendered was without jurisdiction of the subject-matter of the action. The validity of a judgment can not be attacked for such cause in an action of replevin.

*Appeal from Dallas District Court.*—HON. J. H. APPLE-GATE, Judge.

TUESDAY, MAY 16, 1893.

ACTION to recover possession of personal property. The defendant demurred to the plaintiff's petition, and, the demurrer being sustained, and the plaintiff electing to stand on his petition, judgment was entered against him, from which he appeals.—*Affirmed.*

*John Shortley,* for appellant.

*Alford & Gates,* for appellee.

GIVEN, J.—The plaintiff, after alleging in his petition that he is the absolute and unqualified owner of the personal property described, and that the defendant sheriff wrongfully detains possession of said property from him, alleges as follows:

"That said property was taken from this plaintiff by the defendant sheriff under a pretended execution issued out of the office of the clerk of the district court

of the state of Iowa in and for Black Hawk county on a pretended judgment in favor of Jansen, McClurg & Company, and against this plaintiff, but plaintiff alleges that said judgment is absolutely void, for the reason that there never was any original notice, either actual or constructive, served upon or given to this plaintiff in the said cause, and the same was rendered wholly without jurisdiction; said execution is likewise wholly null and void, and in no manner authorizes the seizure of said property by the said defendant sheriff; that the plaintiff has notified the defendant sheriff of the facts hereinbefore set out, and made demand for said property, but that the said defendant has refused and still refuses to give possession thereof to this plaintiff; that the alleged cause of detention, according to the best belief of plaintiff, is by virtue of said void and fraudulent execution; that the plaintiff has sustained damages by reason of the said wrongful detention in the sum of one hundred dollars, no part of which has been paid."

The defendant demurred upon the following grounds: *First.* The petition does not aver that the property seized and levied upon by the defendant herein, upon the execution held by him issued out of the district court of Black Hawk county, Iowa, was exempt from execution, but, on the contrary, shows that such property was subject to execution, and subject to be levied upon by the defendant upon said execution. *Second.* The petition shows that it was taken on account of an execution issued out of the district court of Black Hawk county, Iowa, on a judgment in favor of Jansen, McClurg & Company *versus* the plaintiff herein, and the plaintiff has no legal right to replevy property seized upon execution issued out of a court of record of this state against himself, unless said property is exempt from execution."

It will be observed that it is not alleged that the

court rendering the judgment did not have jurisdiction of the subject-matter, nor that the execution was informal or irregular on its face, or that the property was exempt from seizure. This action is based upon the allegation that there was no service of an original notice upon this plaintiff in that action. Section 3225 of the Code provides that in actions for the recovery of specific personal property the petition must be verified, and must contain a description of the property claimed, statement of its value, the facts constituting the plaintiff's right to the present possession, the.extent of his interest in the property, and "that it was neither taken on the order or judgment of a.court against him, nor under an execution or attachment against him, or against the property. But if it was taken by either of these modes, then it must state the facts constituting an exemption from seizure by such process."

"At common law the owner of a chattel can not maintain an action of replevin for the possession of goods taken from him by virtue of legal process." *Cooley v. Davis*, 34 Iowa, 129; *Funk v. Israel*, 5 Iowa, 450. The last sentence of paragraph 4 of section 3225 of the Code quoted above modifies this rule, so far as to authorize the maintenance of an action for the recovery of specific personal property seized by legal process, when the verified petition states "the facts constituting an exemption from seizure by such process." While it is true that, under the statute, replevin will lie only for such property as is exempt from execution or attachment under the exemption laws, yet, if the property be seized and held by an officer without legal process, replevin may be maintained without regard to the character of the property. If the process issue from a court having no jurisdiction of the subject-matter, or if an execution issue without a judgment having been rendered, or if the law under which the process is issued

VOL. 88—12

be unconstitutional, the process is void, and replevin may be maintained for property seized by the officer. *Cooley v. Davis*, 34 Iowa, 129; *Campbell v. Williams*, 39 Iowa, 646. The general rule is that property seized on a legal writ, issued by a court having jurisdiction of the subject-matter, under a valid statute, can not be replevied by the owner. *Thompson v. Button*, 14 Johns. 84; *Kellogg v. Churchill*, 2 N. H. 412; *Freeman v. Howe*, 24 How. 450; *Deshler v. Dodge*, 16 How. 622; *Musgrave v. Hall*, 40 Me. 498; *Griffith v. Smith*, 22 Wis. 647. It is not alleged that the court rendering this judgment did not have jurisdiction of the subject-matter, and as it is a court of general jurisdiction we must presume that it had, in the absence of any allegation to the contrary. Upon this petition we have a case wherein a court having jurisdiction of the subject-matter rendered judgment, upon which execution in due form was issued, and levied upon the property in question. Under the rule quoted above, this appellant may not contest the validity of that judgment in this form of action, but must resort to the proper remedies for such relief. AFFIRMED.