ADA M. CUSHMAN vs. BOSTON STORAGE WAREHOUSE
COMPANY.

Suffolk. November 17, 1910. — January 5, 1911.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Replevin. Trustee Process. Attachment. Warehouseman. Practice, Civil,*
Exceptions.

Under R. L. c. 190, § 8, replevin will not lie to recover goods exceeding $20 in
value, which were under attachment on trustee process in the hands of the
defendant in replevin as trustee when they were taken from him on the replevin
writ, although the property thus taken on the replevin writ consisted of neces-
sary household goods less than $300 in value, which are exempt from attachment
under R. L. c. 177, § 34, cl. 2, the remedy of the plaintiff, if any, being in tort
against the officer who served the trustee process and the attaching creditor.

Although it here was said, that the provision of St. 1907, c. 582, § 19, excusing a
warehouseman from liability for refusing to deliver goods deposited with him,
adversely claimed, until he has had a reasonable time to ascertain the validity
of the adverse claim, has no application to the refusal of a warehouseman to
deliver goods attached in his hands by trustee process as the property of the
depositor, the refusal of the trial judge in the present case to give an instruction
to this effect was held not to be a sufficient ground for sustaining an exception,
because the refusal of the defendant to deliver the goods to the plaintiff was
justified on other grounds independent of the statute referred to, so that the
error of the judge in refusing to give the instruction did not and could not have
operated prejudicially to the plaintiff.

MORTON, J. The property which is the subject of this action
consists of household goods deposited with the defendant in the
name of the plaintiff. On the day on which they were deposited
the defendant was summoned as trustee in an action brought
against the plaintiff and her husband and returnable to the
Municipal Court of the City of Boston. Before the return day
of the writ the plaintiff made a demand on the defendant for the
goods which the defendant refused because of the pendency of
the trustee writ. Thereupon two or three days after the de-
mand and refusal the plaintiff brought this action of replevin
and the goods were taken out of the defendant's possession.

The trustee writ was duly entered in the municipal court and
the defendant appeared and answered that it had in its posses-
sion at the date of the service of the writ certain household
goods stored in the name of the plaintiff, whose value was un-

known to it.  Subsequently the trustee was charged upon its answer and the plaintiff, who had been admitted as claimant, appealed.  In the Superior Court the claimant's claim was allowed and the trustee was discharged without costs.  No appeal from or exceptions to this finding appear to have been taken.  The case now before us was tried before a judge of the Superior Court * without a jury and the judge found in favor of the defendant.  It is here on exceptions by the plaintiff to the finding so made and to the refusal of the judge to make certain rulings requested by her.  The judge ruled and found as requested by the plaintiff that the goods were necessary household goods within $300 in value and were exempt from attachment,† but refused to rule, and we think rightly, as requested by the plaintiff that the plaintiff's right to possession of the goods was not affected by the pendency of the proceedings in the trustee suit.  The effect of the trustee process was to attach the goods in the hands of the defendant as the plaintiff's goods, and until it was discharged as trustee the defendant was bound to hold them subject to any judgment which might be obtained and any execution which might be issued against the principal defendants.  The trustee was not bound to decide at its peril whether they were or were not exempt from attachment.  Although not in the hands of an officer the goods were in effect in the custody of the law, and the plaintiff, under our statute in regard to replevin, could not replevy them.  R. L. c. 190, § 8.  *Ilsley* v. *Stubbs*, 5 Mass. 280.  *Baker* v. *Fales*, 16 Mass. 147, 150.  *Allen* v. *Staples*, 6 Gray, 491, 493.  The remedy of the plaintiff, if any, was in tort against the officer and the attaching creditor.  *Bean* v. *Hubbard*, 4 Cush. 85.  *Davlin* v. *Stone*, 4 Cush. 359.  The peculiar language of our statute in regard to replevin which provides that if goods exceeding $20 in value " which have been attached on mesne process or taken on execution, are claimed by a person other than the defendant in the action in which they have been so attached or taken, the owner . . . may cause them to be replevied," renders the cases cited by the plaintiff from other States inapplicable.

The trial judge was asked to rule and should have ruled that

---

* *Hardy*, J.

† R. L. c. 177, § 34, cl. 2.

St. 1907, c. 582, § 19,* relating to warehouse receipts, did not apply to this case and constituted no justification for the defendant's refusal to deliver the goods to the plaintiff. But in view of the other findings and rulings the error did not and could not have operated prejudicially to the plaintiff.

*Exceptions overruled.*

*F. S. Hesseltine,* for the plaintiff.

*A. E. Burr,* for the defendant, submitted a brief.

------

\* The provision referred to is in Part II. of the statute, which is headed "Obligations and Rights of Warehousemen upon their Receipts," and is as follows: "If some one other than the depositor or person claiming under him has a claim to the title or possession of the goods, and the warehouseman has information of such claim, the warehouseman shall be excused from liability for refusing to deliver the goods, either to the depositor or person claiming under him or to the adverse claimant, until the warehouseman has had a reasonable time to ascertain the validity of the adverse claim, or to bring legal proceedings to compel all claimants to interplead."